**220** MATTER OF O'BRIEN *v.* N. Y. STATE TEACHERS R. BOARD.

Third Department, January, 1926. [Vol. 215

In the Matter of the Application of HELEN M. O'BRIEN, Petitioner, for a Certiorari Order against NEW YORK STATE TEACHERS RETIREMENT BOARD, Respondent.

Third Department, January 15, 1926.

Schools — teachers — retirement — teacher who has served thirty-five years has absolute right, under Education Law, § 1109, to be retired — rule of Retirement Board that claim shall be effective thirty days after applications are approved cannot be allowed to overrule judgment of Board under Education Law, § 1109, in each case as to date of retirement — when teacher has absolute right to retire at time application is made order of retirement may be made after her death — thirty-day provision of statute is to permit investigation and discretion as to date of retirement where teacher is still in service — no investigation necessary in this case — since Board failed to act on application, mandamus and not certiorari is proper remedy — mandamus directed by Appellate Division under authority of Civil Practice Act, § 111.

Where a school teacher has served as such for thirty-five years, she has an absolute right under section 1109 of the Education Law to be retired.

While section 1109 of the Education Law permits the Retirement Board to fix the date for retirement as of the date specified by the teacher in her application or at such other time within thirty days thereafter as the Board may find it advisable, it cannot by a general rule provide that all claims shall become effective thirty days after the filing of the application for retirement if approved, for the law contemplates that the Board shall exercise its discretion in each case and does not contemplate the enactment of a general rule applicable to all cases.

Where a teacher has the absolute right to retire, as in this case, the Board cannot, by failing to act until after her death, deny the right to retire.

It is not a justification for the failure of the Board to act for thirty days that it sought thereby to save the retirement fund in case the applicant should die within that period.

The purpose of the thirty-day provision in the statute is to permit investigation, where investigation is needed, and also to give the Board discretion in retiring a teacher in active service, so that educational services in the schools may not be interrupted by a teacher leaving her position through retirement before a substitute teacher may be obtained.

In this case there was no need for investigation, since, by the certification of the Board the teacher had prior to August 1, 1921, served thirty-five years, and since it appears further that, at the time of the application, the teacher was not teaching but was ill and under the care of a physician.

Since the Board did not act at all on the application, the proper remedy was by mandamus and not certiorari, and the Appellate Division acting within the power given to it by section 111 of the Civil Practice Act grants a mandamus order directing the Retirement Board to make the appropriate order of retirement as of the date of the filing of the application.

APPLICATION to review the action of the New York State Teachers Retirement Board in failing to retire one Margaret O'Brien, a teacher having to her credit more than thirty-five years of total

service, upon her statement requesting retirement, commenced by a certiorari order granted out of the Supreme Court on the 8th day of July, 1925, directed to the New York State Teachers Retirement Board, commanding it to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had on the determination of the application of Margaret O'Brien for retirement.

*McIntyre, Wilkie & Swartz* [*LaFay C. Wilkie* of counsel], for the petitioner.

*Raymond F. Allen*, for the respondent.

H. T. KELLOGG, J.   The petitioner's sister, Margaret O'Brien, was a teacher in the public schools and a member of the retirement system created by article 43-B of the Education Law.*   She had been a teacher within the year prior to February 21, 1925.   She . had then completed more than thirty-five years of total service as a teacher.   She was, therefore, entitled, as a matter of right, to retirement from service, as provided by section 1109 of the Education Law.†   That section, among other things, provides that " any member who has completed thirty-five years of total service may retire from service if he files with the retirement board a statement duly attested setting forth at what date subsequent to the execution and filing thereof he desires such retirement and if during the year immediately preceding the filing of such statement he shall have been a teacher."   On the date named Margaret O'Brien filed a statement, duly attested, wherein she stated that she desired to retire and to have her retirement take effect on February 6, 1925. That was tantamount to an election to have her retirement take effect immediately after the filing of the statement.   She, also, in the statement, expressed her election to accept option No. 1 under section 1109-c of the Education Law‡ and designated her sister, the petitioner, as her beneficiary.   It is provided in that section that a member may " on retirement elect to receive the actuarial equivalent at that time of his retirement allowance in a lesser retirement allowance, payable throughout life " with a provision as follows: " Option 1.   If he die before he has received in payments the present value of his retirement allowance as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person as he shall nominate by written designation duly acknowledged and filed with the retirement board."   Thus Margaret O'Brien, having the absolute right to retire, by filing the

---

* Added by Laws of 1920, chap. 503, as amd.— [REP.

† Added by Laws of 1920, chap. 503, as amd. by Laws of 1923, chap. 48.— [REP.

‡ Added by Laws of 1920, chap. 503.— [REP.

**222** Matter of O'Brien *v.* N. Y. State Teachers R. Board.

Third Department, January, 1926.                    [Vol. 215]

statement in question, had fulfilled every statutory condition, and was entitled to an order of retirement. Nevertheless, the Retirement Board delayed action, and upon March 4, 1925, Margaret O'Brien came to her death. The Board has ever since declined to issue an order of retirement.

The Retirement Board contends that it delayed action by reason of the terms of a general rule previously adopted by it which reads as follows: " That all claims, if approved, shall become effective thirty days after filing the application for retirement." The rule, in so far as it relates to superannuation retirements, denies to the Board the very power committed to it by statute. Section 1109, in a clause immediately following the clause already quoted therefrom, provides: " The retirement board shall retire said member as of the date so specified by the member or as of such other time within thirty days thereafter as the retirement board may find advisable." It is the intendment of this provision that the Retirement Board shall in each case separately exercise its judgment relating to the fixing of a date of retirement. The provision is not satisfied by the enactment of a universal rule expressing in advance the judgment of the Board upon all cases. The Board also contends that it could not make an order of retirement in the case of Margaret O'Brien after her death. Assume that the Board had in some case delayed action for more than thirty days after the date of retirement given in a member's statement, and thereafter had delayed until the member died, it cannot be doubted that the Board would still have the power to grant an order of retirement. Were it otherwise, the Board, by having recourse to every known method of procrastination, might nullify the statute and defeat retirement allowances in a majority of superannuation cases. Such a result would not be tolerated. A court would command the Board to make the order which it should have made as of the date when it should have made it. The statute itself contemplates that the Board shall make orders which are retroactive. It provides that the Board shall retire " as of the " day specified in the statement " or as of such other time " as may be found " advisable." It does not require the Board to make its order within thirty days. It does not forbid it to make an order after the death of a member. The argument that the retirement of a member after her death, with a provision for a disability allowance, would be inconsistent, ignores the fact that the member, by her long service, will have earned not alone a pension for her own support, but the right as well to confer an allowance upon a designated beneficiary to take effect upon her death. The Board also contends that in the particular case of Margaret O'Brien,

as in all kindred cases, it has not considered it " advisable " to retire on the date specified. It frankly admits that the reason animating it has been to preserve the retirement fund from diminution by payments to superannuated teachers who might die within the thirty-day period. In considering that a retirement fund, set up for the pensioning of superannuated and disabled teachers, must be conserved by denying allowances to such teachers, whenever the statute, though not requiring, might permit it, the members of the Retirement Board have strangely conceived their duty. The statute expressly authorizes a retirement on the day named by the teacher. It cannot be doubted that the Legislature prior to the enactment of the statute, made its actuarial calculations correctly, and thereafter provided for the raising of a fund which would not be unduly depleted when retirements were granted in accordance with the terms of the statute. Certainly a desire to preserve the fund was not a sufficient reason to deny retirement forthwith to Margaret O'Brien. The Board also contends that a delay of thirty days was permitted by the statute in order to provide the Board with opportunity to investigate and determine the right of an applicant to retirement. No such investigation was required in the case of Margaret O'Brien. Her retirement was dependent solely upon her length of service. Section 1108 of the Education Law* provides that those who become members shall furnish the Board with a statement of their service. It further provides that, upon verification of the statement, the Board shall issue to the member a certificate certifying to the length of prior service. On June 14, 1923, the Retirement Board had issued to Margaret O'Brien a certificate certifying that prior to August 1, 1921, she had already served thirty-five years and three months, and was entitled to be credited therewith. Thus, according to the certification of the Retirement Board itself, when Margaret O'Brien applied for retirement, it had already been made certain that her right to retirement was absolute. It is said that, for the purpose of calculating her retirement allowance, it was necessary to ascertain her age. It does not follow, however, that it was necessary to make this determination before granting the order. The statute requires only that " The retirement board shall retire said member." It then provides that " upon superannuation retirement a member shall receive a superannuation retirement allowance which shall consist of " an annuity and pension as specified. Self-evidently, it would be unnecessary to specify the allowance in the order of retirement. That is to be left to a subsequent cal-

culation which is to be made, " upon superannuation retirement," in accordance with a formula provided by the statute. (Education Law, § 1109.*) We think that the Board wholly misconceived the purpose of the Legislature in conferring upon it the power, within certain limits, to name the day of retirement. We believe that the Legislature, in so providing, had in mind, chiefly if not solely, the preservation of uninterrupted educational service. Cases might arise, particularly where a member was the sole teacher in charge of a school, in which his retention for thirty days might be necessary in order that a substitute teacher might be provided and the teaching service might continue without a break. No such purpose was served, in the case of Margaret O'Brien, by deferring her retirement for thirty days. It is asserted and not denied that when she filed her application she had been " obliged to discontinue her duties " as teacher; that she was confined to her home and was under the care of a physician. It does not appear, nor is it pretended, that there was any likelihood that she could ever resume her teaching. Therefore, the Board could not have deferred her retirement upon the ground that her services as a teacher were presently needed. Consequently, the Board was without discretion except to retire her forthwith. This proceeding arose through a certiorari order to review the decision of the Retirement Board. The Board never entertained the application for retirement to determine as of what date it should take effect. The case made by the petitioner called for a mandamus order to compel action by the Board rather than an order for review. However, we are empowered presently to grant the appropriate order. (Civ. Prac. Act, § 111.)

A mandamus order should issue to the Retirement Board directing it to make the appropriate order of retirement of Margaret O'Brien as of the date of the filing of her petition.

All concur.

Mandamus order requiring the Retirement Board to make an order of retirement of Margaret O'Brien as of February 21, 1925, granted, with fifty dollars costs and disbursements.

