In the Matter of Timothy D. Poucher, as President of the Federation of Teachers' Associations of the City of New York, Respondent, against Teachers' Retirement Board, Appellant.

(Argued November 19, 1928; decided November 27, 1928.)

*George P. Nicholson*, Corporation Counsel (*J. Joseph Lilly, Willard S. Allen* and *William E. C. Mayer* of counsel), for appellant. The mere mailing of Mr. Memmott's form of application for retirement was not a compliance with the requirements of subdivision K, paragraph I of section 1092 of the New York charter. (*Rees* v. *Teachers' Retirement Board*, 274 N. Y. 372; *Cockey* v. *Hurd*, 4 J. & S. 42; *Henry* v. *Francestown Soap Stone Co.*, 2 Fed. Rep. 78; *C. P. I. Co.* v. *Ætna Ins. Co.*, 127 N. Y.

608; *Matter of Meyer*, 100 Misc. Rep. 587; *Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253; *Lesser* v. *De Loynes*, 150 App. Div. 868; *Evans* v. *People*, 49 N. Y. 86; *People* v. *Roper*, 35 N. Y. 629; *Pennie* v. *Reiss*, 132 U. S. 464; *People* v. *Board of Assessors of Brooklyn*, 84 N. Y. 610; *Peabody* v. *Satterlee*, 166 N. Y. 174; *Davis & Son, Ltd.*, v. *Russian Transport & Ins. Co.*, 182 App. Div. 668.) Even though the paper which Mr. Memmott's son deposited in the mail be regarded merely as a notice, its delivery to the Teachers' Retirement Board after Mr. Memmott's death did not accomplish his retirement. (*Steinhardt* v. *Bingham*, 182 N. Y. 326; *McDermott* v. *Board of Police*, 5 Abb. Pr. 422; *Rathbun* v. *Acker*, 18 Barb. 393; *Matter of Sullivan*, 31 Misc. Rep. 1; 53 App. Div. 637; *U. S.* v. *Foote*, 25 Fed. Cas. No. 15,128, p. 1141; *Matter of Farmers Supply Co.*, 170 Fed. Rep. 502; *Jones* v. *Van Zandt*, 13 Fed. Cas. No. 7,502, p. 1049; *Lally* v. *Cronin*, 247 N. Y. 58.)

*J. M. Cohen* for respondent. The contention that the application for retirement must be received by and filed with the Retirement Board prior to the death of the teacher is untenable. (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Cathcart* v. *Fire Department*, 26 N. Y. 529; *Matter of Starbuck*, 137 App. Div. 866; *Matter of Second Avenue M. E. Church*, 66 N. Y. 395; *Campbell* v. *Hallihan*, 46 Misc. Rep. 409; *People* v. *Dalton*, 158 N. Y. 175; *Peck* v. *Baldwin*, 58 Hun, 308; *Assets Realization Co.* v. *Howard*, 211 N. Y. 430; *Bull* v. *N. Y. City R. R. Co.*, 192 N. Y. 361; *Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Woollcott* v. *Schubert*, 217 N. Y. 212.) Pension laws should be construed liberally and favorably toward applicants. (*Walter* v. *Cotton*, 60 U. S. 355; *Y. C. N. Bank* v. *Carpenter*, 119 N. Y. 550; *Buckendorf* v. *Minneapolis Fire Dept. R. Assn.*, 112 Minn. 298; *O'Dea* v. *Cook*, 176 Cal. 659; *Stevens* v. *Minneapolis F. D. R. Assn.*, 124 Minn. 381; *Hurley* v. *Sykes*, 69 Cal. App. 310.) Subdivision K

is a continuing offer to the teacher who has had thirty-five or more years of service that he may retire at any time and receive the benefits specified by the Retirement Law. (*Buckbee* v. *Board of Education*, 115 App. Div. 366; 187 N. Y. 544; *Stetson* v. *Board of Education*, 218 N. Y. 301; *Chesebrough* v. *Western Union Tel. Co.*, 76 Misc. Rep. 516; *Tayloe* v. *Merchants Fire Ins. Co.*, 9 How. [U. S.] 402; *Household Fire & Carriage Accident Ins. Co.* v. *Grant*, 41 L. T. [N. S.] 301; *Trevor* v. *Wood*, 36 N. Y. 307; *Vassar* v. *Camp*, 11 N. Y. 441.) Upon the arrival of the application at the office of the Retirement Board, said application, pursuant to the provisions of subdivision K and also under the doctrine of " relation back," *ipso facto* retired Mr. Memmott as of the date specified in the application. (*Williams* v. *Wheeler*, 1 Barb. 50; *Reese* v. *Teachers' Retirement Board*, 247 N. Y. 372; *Bradford* v. *Avery*, 16 Ida. 769; *Perryman's Case*, 3 Coke, pt. 5, p. 85.) The application prescribed by subdivision K is merely a notification to the Retirement Board that Mr. Memmott had retired as of the time specified therein. (*Fitzpatrick* v. *Greene*, 181 N. Y. 308; *Rees* v. *Teachers' Retirement Board*, 247 N. Y. 372.)

*Per Curiam.* An application by a teacher for service retirement under Greater New York charter (Sec. 1092, subd. K) is not effective until delivered, and such delivery does not result from a mere deposit in the mails (*Crown Point Iron Co.* v. *Ætna Insurance Co.*, 127 N. Y. 608; *Peabody* v. *Satterlee*, 166 N. Y. 174).

The order of the Appellate Division and that of the Special Term should be reversed and the application denied with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Orders reversed, etc.