In the Matter of the Application of JOHN C. CREVELING, as Executor, etc., of CHARLOTTE L. GULICK, Deceased, Appellant, for a Peremptory Mandamus Order against TEACHERS' RETIREMENT BOARD, Respondent.

Second Department, April 7, 1930.

*Ralph Stout* [*Carl S. Heidenreich* with him on the brief], for the appellant.

*Willard S. Allen* [*Arthur J. W. Hilly, Corporation Counsel, William E. C. Mayer* and *J. Joseph Lilly* with him on the brief], for the respondent.

HAGARTY, J. The application is made by the petitioner herein, as executor of the will of Charlotte L. Gulick, deceased, for a peremptory mandamus order directing the respondent, teachers' retirement board, to pay to the petitioner the sum of $22,859, being the amount of the retirement allowance due upon the retirement of said Charlotte L. Gulick, and payable upon her death to her estate.

There is no dispute as to any material fact. Charlotte L. Gulick died on October 21, 1928. She had taught in the public schools of the city of New York more than thirty-five years and was entitled, upon application to the retirement board, to retirement for service. The only question presented herein is one of law, viz., whether her application for service retirement was valid and effective for her retirement.

By section 1092 of the Greater New York Charter (Laws of 1901,

chap. 466, as amd. by Laws of 1917, chap. 303, and subsequent statutes), known as the Teachers' Retirement Law, the teachers in the public schools of the city of New York are organized into a "Teachers' Retirement Association." All teachers holding permanent licenses are declared to be members of the association and contributors to the annuity savings fund. All teachers employed in the public schools as teachers on August 1, 1917, when the statute went into effect, or on leave of absence on said date, are therein termed "present-teachers." A teachers' retirement board is created, which is the body that administers the law. The retirement board has a corporate existence with power to sue and be sued. Subdivision C of the statute provides, in part, as follows:

"5. Subject to the limitations of this act and of law, the retirement board shall from time to time establish rules and regulations for the administration of the funds created by this act and for the transaction of its business."

Provision for retirement is made in subdivision K of the law, which, so far as material, reads as follows:

"K. Retirement for service shall be as follows:

"1. Any contributor may retire for service upon written application to the retirement board setting forth at what time subsequent to the execution of said application he desires to be retired. Said application shall retire said contributor at the time so specified, provided

"(a) He has reached or passed the age of sixty-five years; or

"(b) If a present-teacher, he has a total-service of thirty-five years or more * * *."

In subdivision O (as amd. by Laws of 1920, chap. 784; since amd. by Laws of 1929, chap. 514) it is provided that a contributor may at any time file with the retirement board his election to receive on retirement his benefits in a retirement allowance payable throughout life or in accordance with certain options therein set forth, of which option No. I is as follows:

"Option I. If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person, having an insurable interest in his life, as he shall nominate by written designation duly acknowledged and filed with the retirement board."

On March 2, 1923, at a meeting of the teachers' retirement board, a resolution was duly adopted providing that if the office of the board be not open, an application for retirement may be delivered to the secretary or to one of the teacher members of the board, and such application should be regarded as filed in the

office of the board; and this resolution was in full force and effect on October 21, 1928.

On October 21, 1928, Charlotte L. Gulick was a present-teacher, a member in good standing in said teachers' retirement association and a contributor to the annuity savings fund, and was entitled to all the rights, privileges and benefits conferred upon contributors by the Teachers' Retirement Law; and was the holder of a certificate for prior-service issued to her as a present-teacher under the provisions of subdivision H of said law.

On October 21, 1928, appellant's testatrix had completed more than thirty-five years of service as a teacher in the public schools, and, as a present-teacher, was entitled to retirement for service, in accordance with subdivision K, above quoted. Prior to that date, she had filed with the board her selection of option No. I, under subdivision O, and had designated her estate as beneficiary.

On Sunday, October 21, 1928, at one-thirty o'clock in the morning, Charlotte L. Gulick applied for service retirement by delivering to Anna E. Lawson, a teacher member of the teachers' retirement board, at her home, an application in writing for retirement — the office of the board then being closed. The application is not dated, but bears an indorsement upon the face thereof, signed by said Anna E. Lawson, as follows: " Filed with me 1.30 A. M. Oct. 21, 1928.   Anna E. Lawson."

The application, signed by Charlotte L. Gulick, is on the official printed form of the board for service retirement allowance, and reads, in part:

" To the Teachers' Retirement Board:  In accordance with the provisions of Section 1092, subdivision K, paragraph 1 of the Charter of The City of New York, I hereby make application for retirement from active service as Assistant to Principal in Glenmore Junior High School   *   *   *   of the City of New York on a service retirement allowance."

On the same day, Sunday, October twenty-first, at about ten-thirty A. M., Charlotte M. Gulick died.

The first objection raised by the respondent is that the leaving of the application for service retirement with Anna E. Lawson, a teacher-member of the retirement board, at her home, was not a delivery of the application within the meaning of the Teachers' Retirement Law.   We are referred to *Matter of Poucher* v. *Teachers' R. Board* (249 N. Y. 414, 416), the *per curiam* opinion of which reads as follows: " An application by a teacher for service retirement under Greater New York Charter (Sec. 1092, subd. K) is not effective until delivered, and such delivery does not result from a mere deposit in the mails (*Crown Point Iron Co.* v. *Ætna Insurance Co.*, 127 N. Y. 608; *Peabody* v. *Satterlee*, 166 N. Y.

174)." In that case an application for service retirement was mailed about one hour before the contributor's decease, but was not received by mail in the office of the retirement board until seven hours thereafter. From that case the respondent contends that, since the application for service retirement in the case before us was not received in the office of the teachers' retirement board until the day succeeding her decease, October 22, 1928, at forty-one minutes past ten o'clock in the forenoon, there was no delivery prior to the decease of Miss Gulick. This argument I would assume to be sound were it not for the fact that delivery was made exactly in accordance with the resolution of the retirement board. Under the provision of the statute hereinbefore quoted (§ 1092, subd. C. ¶ 5), the board was expressly authorized to adopt rules and regulations " for the transaction of its business." ·Having in mind the fact that teachers naturally delay their service retirement applications until the last moment, the resolution adopted by the retirement board providing that after office hours, when the office of the board is closed, the application may be delivered to the secretary or to a teacher member of the board, is perfectly consistent with the orderly transaction of business.

The argument of the learned corporation counsel is that such retirement applications are of no validity until they are actually delivered at the office of the board, during office hours, for filing. There is no provision for filing that I am able to find. Nothing in the statute, or in the rules and regulations adopted by the board, justifies, in my opinion, any such limited interpretation. Wherever filing is required, the Retirement Law expressly so provides. Thus the designation of a beneficiary under· subdivision O, option I, requires filing, and the deceased herein complied with that requirement. If the Legislature had intended to require similar filing under subdivision K, it would have so enacted. The word " file " does not appear in subdivisions K, L▌ and R, paragraph (e), which deal with applications, but it does appear elsewhere in the statute. The presumption is that such omission was intentional. Subdivision K provides that " any contributor may retire for service upon written application to the retirement board * * *." Retirement is effected by delivery of the application (*Matter of Poucher* v. *Teachers' R. Board, supra*); and such delivery may be made after office hours or when the office is closed, in such manner as the retirement board may, by reasonable regulations, prescribe. The cases cited in *Matter of Poucher* v. *Teachers' R. Board (supra)* as authority for that decision do not support the theory here advanced by the respondent.

If we assume that the delivery of the application to Anna E.

Lawson, a teacher-member of the teachers' retirement board, was authorized and proper, we then approach the next question, which involves the validity of the application itself, because, in it, the contributor failed to state the time, subsequent to the execution of such application, when she desired to be retired. It must be remembered that Miss Gulick had completed more than thirty-five years of total-service as a teacher in the public schools. She was, therefore, entitled, as a matter of right, to retirement for service. She had obtained a prior-service certificate under subdivision H of the law and had duly filed her option in writing as required by subdivision O. Her retirement was subject only to her written application to the board. This she did by her application, signed by her, wherein she stated that, " In accordance with the provisions of Section 1092, subdivision K, paragraph 1 of the Charter of The City of New York, *I hereby make application for retirement from active service.*" No particular form of application is required by the statute, except that it shall be in writing. There is no requirement that it be dated or acknowledged, the absence of which is commented upon by the corporation counsel. When an application for service retirement is delivered to the board, it has no discretion. It works automatically. The contributor's right to retirement is absolute, and the contributor's retirement status becomes fixed upon the filing of the application. (*Rees* v. *Teachers' Retirement Board*, 247 N. Y. 372.)

I am of opinion that the wording, " I hereby make application for retirement," must be deemed an application to take effect immediately upon its delivery, in the absence of any statement indicating a contrary intention. The purpose of the statute was to grant to the contributor, and not to the board, the right to set the time when he desired his application to take effect, with this limitation, that he could not make it retroactive. The statute was not intended to prevent retirement applications from taking effect immediately upon delivery to the board. It is not essential that a time subsequent to the delivery be specified in the notice. (*Matter of O'Brien* v. *N. Y. State Teachers' R. Board*, 215 App. Div. 220; affd., 244 N. Y. 530.)

The order denying the motion for a peremptory mandamus order should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with fifty dollars costs.

LAZANSKY, P. J., RICH, KAPPER and SCUDDER, JJ., concur.

Order denying motion for a peremptory mandamus order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs.