In the Matter of JOHN C. CREVELING, as Executor of CHARLOTTE L. GULICK, Deceased, Respondent, against TEACHERS' RETIREMENT BOARD, Appellant.

(Argued December 4, 1930; decided February 10, 1931.)

*Arthur J. W. Hilly,* Corporation Counsel (*J. Joseph Lilly, Willard S. Allen* and *William E. C. Mayer* of counsel), for appellant. There was no compliance with the provisions of subdivision O of section 1092 of the New York City Charter. (*Albany B. S. Co.* v. *Eastern B. & S. Co.,* 235 N. Y. 432; *Sweeney* v. *City of New York,* 225 N. Y. 271; *Matter of Yakel,* 118 Misc. Rep. 641; *Matter of Becker* v. *Lunn,* 200 App. Div. 178; *Barkin Construction Co.* v. *Goodman,* 221 N. Y. 156; *Hastings* v. *Brooklyn L. I. Co.,* 138 N. Y. 473; *Rees* v. *Teachers' Retirement Board,* 247 N. Y. 372; *Matter of Stenstrom* v. *Hartnett,* 131 Misc. Rep. 75; 224 App. Div. 127; 249 N. Y. 606; *United States* v. *Louisville & Nashville R. R. Co.,* 236 U. S. 318; *Matter of Huyck,* 49 Misc. Rep. 391; *Deshong* v. *City of New York,* 176 N. Y. 475; *Jamestown W. & N. R. R. Co.* v. *City of Jamestown,* 116 Misc. Rep. 747; *Matter of Kuehn,* 170 N. Y. Supp. 900; *Morrill* v. *Lovett,* 95 Me. 165; *Stetler* v. *McFarlane,* 230 N. Y. 400; *Boyd* v. *Gorman,* 157 N. Y. 365; *Evans* v. *People,* 49 N. Y. 86; *Morton* v. *W. U. Tel. Co.,* 130 N. C. 299; *State* v. *Frear,* 144 Wis. 79.) There was no compliance with the provisions of subdivision K of section 1092 of the New York City Charter. (*Angle* v. *N. W. Mutual L. I. Co.,* 92 U. S. 330; *Matter of O'Brien* v. *N. Y. State Teachers' Retirement Bd.,* 215 App. Div. 220; 244 N. Y. 530; *Tompkins* v. *Hunter,* 149 N. Y. 117; *Matter of Poucher* v. *Teachers' Retirement Bd.,* 249 N. Y. 414; *Roschen* v. *Ward,* 279 U. S. 337; *People ex rel. Twenty-third St. R. R. Co.* v. *Commrs. of Taxes,* 95 N. Y. 554; *Coxson* v. *Doland,* 2 Daly, 66; *People* v. *Henries,* 136 Misc. Rep. 224; *Ponsrok* v. *City of Yonkers,* 254 N. Y. 91; *Allen* v. *Stevens,* 161 N. Y. 122; *Matter of New York & Brooklyn Bridge,* 72 N. Y. 527; *Matter of Hering,* 196 N. Y. 218; *Daly* v. *Haight,* 170 App. Div. 469; 224 N. Y. 726; *People* v. *Long Island R. R. Co.,* 194 N. Y. 130; *Lamport* v. *Smedley,* 213 N. Y. 82.) The resolution did not relieve the petitioner's testatrix of the obligation of filing her application for retirement

in the office of the defendant board. (*Rees* v. *Teachers'
Retirement Board*, 247 N. Y. 372; *Matter of Poucher* v.
*Teachers' Retirement Board*, 249 N. Y. 414; *Albany
B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432; *Coler* v.
*Corn Exchange Bank*, 253 N. Y. 136; *Matter of La Due* v.
*Van Keuren*, 127 Misc. Rep. 886; *People ex rel. Banks*
v. *Board of Education*, 2 Abb. Pr. [N. S.] 177; *Matter of
Sloane* v. *Walsh*, 245 N. Y. 208; *Sweeney* v. *City of
New York*, 225 N. Y. 271; *Clark* v. *Utica Gas & Electric
Co.*, 224 App. Div. 448; *St. John of Vizzini* v. *Cavallo*,
134 Misc. Rep. 152; 227 App. Div. 782.)

*Ralph Stout* and *Carl S. Heidenreich* for respondent.
Petitioner's testatrix duly filed with the Teachers' Retire-
ment Board her election under subdivision O of section
1092 of the New York City Charter. (*Flandrow* v.
*Hammond*, 148 N. Y. 129; *Bank of Charleston* v. *Emeric*,
2 Sandf. 718; *Matter of City of New York* [*Newport
Avenue*], 218 N. Y. 274.)    Delivery of the application for
retirement to a teacher member of the Teachers' Retire-
ment Board was authorized and proper. (*Matter of
Poucher* v. *Teachers' Retirement Bd.*, 249 N. Y. 414;
*Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608;
*Peabody* v. *Satterlee*, 166 N. Y. 174; *Fink* v. *Wallach*,
109 App. Div. 718; *Colton* v. *Trustees of Pension Fund*,
287 Ill. 56; *Walton* v. *Cotton*, 60 U. S. 355; *Matter of
O'Brien* v. *N. Y. State Teachers' Retirement Board*, 215
App. Div. 220; 244 N. Y. 530; *Matter of Ward* v. *Teachers'
Retirement Board*, 137 Misc. Rep. 170; *Yates County Nat.
Bank* v. *Carpenter*, 119 N. Y. 550; *Gremmer* v. *Tenement
House Dept.*, 205 N. Y. 549; *City of New York* v. *N. Y.
City Ry. Co.*, 193 N. Y. 543.)    The application for service
retirement was valid. (*Rees* v. *Teachers' Retirement Bd.*,
247 N. Y. 372; *Matter of O'Brien* v. *N. Y. State Teachers'
Retirement Bd.*, 215 App. Div. 220; 244 N. Y. 530.)

CRANE, J.    Charlotte L. Gulick, on the 21st day of
October, 1928, was a teacher in the public schools of the

city of New York, and entitled to all the rights and privileges of the Teachers' Retirement Fund, being a holder of a certificate for prior service issued to her as a "present-teacher," under the provisions of subdivision 8 of section 1092 of the Greater New York Charter (L. 1917, ch. 303). Prior thereto and on July 9, 1925, Charlotte L. Gulick had filed an election that the reserve on the retirement allowance payable to her upon the date of retirement, as provided in "Option I" of subdivision "O" of section 1092, or the balance of such reserve in excess of the total amount of the monthly installments received by her, be paid to her estate. This election was on a form provided by the Teachers' Retirement Board, and was filed in the office of the Board. That an office was maintained by the Board, with a secretary in charge, appears from the records. Apparently there is no branch office in the various boroughs.

For thirty-five years and over, Charlotte L. Gulick had been a teacher in the public schools of the city of New York, and was in active service as assistant principal in Glenmore Junior High School, No. 84, Brooklyn, N. Y., up to the time of her death, or attempted retirement. On October 21, 1928, shortly after midnight on Saturday night, or, to be exact, at 1:30 A. M. on Sunday morning, there was handed to Anna E. Lawson, one of the teacher members of this said Retirement Board, the application of Charlotte L. Gulick for retirement. Later that Sunday morning, at about half-past ten, Charlotte Gulick died.

The balance of the reserve to which her estate was entitled, if at the time of her death she was a retired teacher, amounted to $22,859.31, for which the petitioner herein, John C. Creveling, as the executor of the last will and testament of Charlotte L. Gulick, has made demand and brought this proceeding. The facts are not disputed, but the Teachers' Retirement Board has resisted the payment, claiming that at the time when the teacher died, she had not applied for retirement in accordance

with the provisions of the charter; and that the allowances coming to her estate were not those of " Option I " of subdivision " O," but the allowances provided in subdivision " N," where death of a contributor occurs before retirement. This is the sole question.

Subdivision " K " of section 1092 provides the method for service retirement, which is as follows:

" 1. Any contributor may retire for service upon written application to the retirement board setting forth at what time subsequent to the execution of said application he desires to be retired. Said application shall retire said contributor at the time so specified, provided  *  *  *

" (b) If a present-teacher, he has a total-service of thirty-five years or more."

Certain things are to be noted as we pass, regarding this retirement method. For Charlotte L. Gulick, she having served thirty-five years and more, the written application for retirement was self-executory; it alone accomplished the purpose, and effectuated the retirement. (*Rees* v. *Teachers' Retirement Board*, 247 N. Y. 372.) The application had to be in writing, and it had to be made to the Retirement Board, setting forth the time, subsequent to the execution of the application, when the retirement was to take effect. These requisites being complied with, the application itself retired the teacher at the time so specified. Any action upon the part of the Board was unnecessary.

The application signed by Charlotte L. Gulick failed to state the time the retirement was to take effect. The blank form provided by the Teachers' Retirement system was used by the teacher, but the part referring to the time of retirement was left as follows:

" I request that my retirement become effective the .......... day of .......... 192...."

The Special Term was of the opinion that the teacher had failed to comply with the above provisions of sub-

division " K," in that there was no time stated for retirement subsequent to the execution of the application, and denied the application for a peremptory writ of mandamus. The Appellate Division took a more liberal view, and considered that the application took effect at the time of delivery to the teacher member, Anna E. Lawson, at 1:30 A. M., Sunday morning. *Matter of O'Brien* v. *New York State Teachers' Retirement Board* (215 App. Div. 220; affd., 244 N. Y. 530) was cited and followed by the Appellate Division in reaching this conclusion. A peremptory writ was thereupon directed to be issued.

Even if the application were proper in form, the question still remains whether there has been a delivery or an application presented within the meaning and purpose of the charter provisions. An application, meeting all the requirements in and of itself, is not sufficient. It must pass from the teacher to the Board. "Any contributor may retire for service upon written application to the retirement board * * *." The written paper signed by the applicant must be given to, or presented to the Board. Now what does this mean? Would handing the paper to a member of the Board at midnight be a compliance with this provision of the law?

By subdivision " C-1," the Retirement Board consists of seven members: the president of the Board of Education, the Comptroller of the city of New York, two members appointed by the Mayor of the city of New York, and three members of the retirement association elected by the contributing teachers. This Board shall possess the powers and privileges of a corporation, and as such may sue and be sued. (Subd. " D.") It shall elect from its membership a chairman, and shall appoint a secretary, and shall keep a record of all its proceedings open to public inspection. (Subd. C, 3–12.) It necessarily follows that these records must be kept somewhere convenient for inspection; in other words, that there must be an office. As before stated, there now

is and has been an office of the Board in charge of its secretary for the handling of all the papers and records in connection with the retirement system. Many are the provisions contained in section 1092 requiring the filing of papers with the Board or at its office. Under subdivision " H," each teacher shall file with the Retirement Board a detailed statement of all service rendered by him. A contributor resigning shall execute and file a statement in writing. (Subd. " I.") The options permitted under subdivision " O " necessitate the filing of an election of one or the other. The phraseology used is not that the filing shall be in an office or with the secretary; the words used in this connection are that these various papers or executed instruments are to be filed with the Retirement Board. The Board, under the charter, is a corporation having a chairman and a secretary. It does not act through any individual member of the Board, but acts as a body. The presentation, therefore, of any applications to the Board does not mean a presentation to the president or to the Comptroller or to a teacher member. If we take the charter as it reads, giving it the most liberal interpretation, we would be obliged to hold that a written application to be made to the Retirement Board required that it be handed to or delivered at the official office of the Board to its secretary or other person in charge where, immediately upon its filing or presentation, it would be open for inspection as a public record. The application, when made to the Board, has dynamic power; the very act of presenting the written application retires the teacher and awards allowances which must be met by a warrant signed by the chairman, and countersigned by the secretary of the Retirement Board, requiring payment by the Comptroller from the fund (Subd. E-3). When the application is presented the main duty of the Board is to file and record it for reference and public inspection. (*Rees* v. *Teachers' Retirement Board, supra.*) The whole

scheme and purpose of the retirement fund machinery is to create a body acting as a corporation through its officers, and at a place of business or an office in the city where its records shall be kept open to the public and its business transacted. This is the requirement of the statute law of the State creating, through section 1092 of the Greater New York Charter, the Teachers' Retirement Fund. Delivery of the application to or at the office where the papers and records of the Board are kept would constitute an application to the Board. (*Albany B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432; *Matter of Poucher* v. *Teachers' Retirement Board*, 249 N. Y. 414.)

Under subdivision " C-5 " the Board, it is said, adopted a resolution allowing a departure from this required method of doing business. Subdivision " C-5 " reads: " Subject to the limitations of this act and of law, the retirement board shall from time to time establish rules and regulations for the administration of the funds created by this act and for the transaction of its business."

The parties to this litigation have stipulated that on March 2, 1923, the Board passed a resolution authorizing a teacher member of the Retirement Board to receive notice of application for retirement and that delivery to such teacher member shall be regarded as having been filed in the office of the Teachers' Retirement Board. The exact wording of this resolution has not been furnished to us, and we are confined to the stipulation in the record. If this be correct, the Board has passed a resolution inconsistent with the other provisions of the retirement law. It has said that an application to a member of the Board shall be the same as an application to the Board, and that the handing of a notice to a teacher member at any time or place shall be the same as the filing in the office or with the Board or with its secretary. The application may be presented to a teacher member anywhere, on the street, in a place of amusement, in his home, and at any time of day or night. If the teacher

member receiving the application should lose it, mislay it, and forget to take it to the office or give it to the Board, the application, nevertheless, has been filed with the Board. Even if the Board should never see it, because the paper had become lost, yet the application takes effect because the resolution substitutes the teacher member in place of the Board. No doubt this resolution was adopted for convenience and, generally speaking, works well, as the teacher member immediately files it with the Board, so that it takes effect from the date of filing, but we have here the exception, which necessarily tests the validity of the resolution. The applying teacher died before her application was filed with or presented to the Board. She died Sunday, October 21, 1928, at half-past ten in the morning, and her application, which had been handed to the teacher member, Anna E. Lawson, was not filed or presented to the Board until Monday, October 22, 1928, at twenty minutes to eleven in the morning.

Subdivision "C-5," as quoted above, distinctly states that the established rules and regulations must be subject to the limitations of the retirement act. An application made to a single member of the corporate body is contrary to the provisions of the act requiring an application to be made to the Board or the corporation itself. That the Teachers' Retirement Fund Board may establish branch offices in the various boroughs is not within the purview or limitations of this decision. We are here dealing with the resolution as stated.

We are not at all unmindful of the beneficent purpose of the Teachers' Retirement Fund and of the liberality with which the provisions of that law must be construed in order to give it effect. (*Matter of O'Brien* v. *New York State Teachers' Retirement Bd.*, 215 App. Div. 220; 244 N. Y. 530; *Yates County Nat. Bank* v. *Carpenter*, 119 N. Y. 550.) It, indeed, would be unfortunate if any teacher should lose the rewards of long and faithful service through a failure to comply with some mere technical

rule of procedure. But on the other hand, it would be equally unfortunate for all the others interested in the retirement fund if the fundamental requirements of the law were not enforced, or the teachers themselves through resolutions of the Board, and not through acts of the Legislature, should seek to amend or supplement the charter as written. The only safe and sure way to proceed with and maintain the retirement system is to follow the law which brought it into being and which has prescribed its limitations.

Sudden death through accident as well as through disease may overtake any teacher, and in such a case, subdivision " N " of the retirement system provides the allowances which are to be made to the estate of such an one. Teachers may get sick, with death hovering near by. Retirement may be deemed wise or unwise, according to conditions and circumstances, but the very purpose of the retirement system and the provisions of the act creating it, never contemplated that retirement should become a mere gamble and a chance. Uncertainty there always is in every element of human life, but as far as possible, we seek to eliminate it from the law. The more substantial benefits to be derived on retirement under the options allowed by subdivision " O " are not to be dependent upon the ability to find a member teacher somewhere about, a few hours before death. Where one would succeed in the search, another, equally worthy, might fail. The retirement, as now provided for by law, is accomplished by that orderly procedure of filing the application in a case like this, with the Retirement Board during the lifetime of the teacher.

For the reasons here stated, the order of the Appellate Division should be reversed, and that of Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN and O'BRIEN, JJ., concur; KELLOGG and HUBBS, JJ., dissent.

Ordered accordingly.