In the Matter of EMMA M. MURTAUGH, Petitioner, against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, January 12, 1945.

*Chambers & Chambers* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Edna Glassman* of counsel), for respondent.

PECORA, J.. Petitioner applies, pursuant to article 78 of the Civil Practice Act, for an order directing the Teachers' Retirement Board of the City of New York (hereinafter called the "Retirement Board") to classify her as a "present-teacher" in accordance with sections B20–1.0 *et seq.* of the Administrative Code of the City of New York (L. 1937, ch. 929). The material facts upon this application are not in dispute, and only a question of law is presented.

Petitioner resigned as a teacher in the public school system of the City of New York upon her marriage in 1895. On June 19, 1917, she re-entered the school system and was assigned as a substitute teacher. In that capacity she served as a teacher-clerk until August 15, 1917. On July 5, 1917, the Board of Superintendents assigned petitioner as an "additional teacher" to Public School No. 168 to take effect September 5, 1917. She acted as such until February 3, 1919, when she was appointed a regular teacher upon an annual salary. Petitioner served as a regular teacher until her retirement on December 1, 1941.

At the time of her appointment as a regular teacher in 1919, petitioner was classified by the Retirement Board as a "new-entrant". Thereafter, on May 25, 1920, the Retirement Board changed her classification to that of "present-teacher". Again in May, 1932, the Retirement Board reclassified petitioner as a "new-entrant", and she thereupon appealed to the Board to classify her as a "present-teacher". The matter of petitioner's appeal to the Board was continued on its calendar until petitioner's retirement, at which time she was informed that the Board was waiting for an opinion by the Corporation Counsel as to whether petitioner's classification was to be changed to "present-teacher". This proceeding was begun when the Retirement Board, at the request of petitioner's counsel, failed to take action on the question of her reclassification.

Subdivision 9 of section B20–1.0 defines "new-entrant" as follows: "'New-entrant' shall mean any teacher appointed to serve in the public schools after the first day of August, nineteen hundred seventeen." A teacher is defined by subdivision 7 of the same section as one who has been appointed

to a position in the service of the public schools at an annual salary from eligible lists prepared as a result of examinations held by the board of examiners of the Board of Education. Obviously, petitioner's assignments as "additional teacher" or "teacher-clerk" on a per diem basis before February 3, 1919, did not constitute appointments as a teacher, as that term is defined by subdivision 7 of section B20-1.0. Since petitioner was appointed a regular teacher on February 3, 1919, she falls within the definition of "new-entrant" as defined by subdivision 9 and was properly classified as such.

Nor can petitioner receive a classification as "present-teacher" under the provisions of subdivision 8 of section B20-1.0. A "present-teacher" is there defined as one who comes within certain categories enumerated in subdivision 8. The last clause of that section, which is relied upon by petitioner provides that a "present-teacher" is: "any teacher-clerk or clerical assistant who was employed as such in the public day schools on the second day of June, nineteen hundred nineteen and who, prior to the fourth day of May, nineteen hundred thirty-five, was classified upon the records of the retirement board as 'present-teacher.'" While from May, 1920, to May, 1932, petitioner was classified as a "present-teacher", she was not so classified just prior to May 4, 1935. I construe said statute to refer only to those who immediately prior to May 4, 1935, were classified as "present-teachers" and not to all those who at any time prior thereto had been so classified. Since petitioner appeared on the records of the Retirement Board as a "new-entrant" from May 26, 1932, she was not classified as a "present-teacher" immediately prior to May 4, 1935, and therefore cannot be given the benefits of subdivision 8 of section B20-1.0.

The charge of discriminatory action in favor of other teachers is not sustained. Subdivision c of section B20-4.0 of the Administrative Code of the City of New York (as derived from Greater New York Charter, § 1092, subd. H, as amd. by L. 1935, ch. 706) validated all prior service certificates issued by the Retirement Board prior to May 4, 1935, and not modified before May 4, 1936. On the effective date of chapter 706, the three persons named in the petition as having received more favorable treatment were all classified as "present-teachers" on prior service certificates. Whether erroneous or not, such classifications were frozen by chapter 706 of the Laws of 1935. If their classifications were erroneous prior to May 4, 1935, petitioner cannot ask that she be given an erroneous classification

so that she too may obtain the benefits of chapter 706 of the Laws of 1935. Certainly this court, in this proceeding will not compel the Retirement Board to classify petitioner as a " present-teacher ", where it appears that petitioner does not come within the statutory definition of that term. As was said in *Matter of Creveling v. Teachers' Ret. Board* (255 N. Y. 364, 373) in discussing the general rules to be followed in construing legislation to give effect to the purposes of the Retirement Fund: " The only safe and sure way to proceed with and maintain the retirement system is to follow the law which brought it into being and which has prescribed its limitations." While such procedure may sometimes seem to result in apparent hardship to a faithful teacher, it gives some measure of certainty and tends to protect all others who have contributed to the system. The application is in all respects denied, and the petition dismissed, without costs. Settle order, accordingly.