Fbank J. Pino, J.
Petitioners in this article 78 CPLR proceeding seek an order directing the respondent to pay them, as designated beneficiaries of their sister, Charlotte R. Butler, deceased, the sum of $94,115.70, of which the sum of $41,000 was contributed by the decedent to the Teachers’ Retirement System of the City of Few York while in the teaching service.
The dispute herein is as to the amount to be paid to the petitioners. Charlotte R. Butler was a regularly employed teacher in the city school system and a contributor to the retirement system from the date of her appointment on February 1, 1927 until her death.
On January 7, 1966, she executed and thereafter filed with the respondent, a form furnished by it entitled ‘ ‘ Final Application for Service Retirement.” In part, the application as signed by the decedent reads: “ I request that my retirement become effective on the 10th day of January, 1966 * * „*; or the date immediately prior to the date of my death should I elect to retire under an optional selection and die subsequent to the official filing of this application.”
The quoted matter is part of the printed form except for “ 10th ” and “ January, 1966 ” which are inserted in ink.
The printed portion of the application also contains the following paragraph: “ Your retirement allowance and benefits payable to your beneficiary will be determined under the selection you make on this application. The effective date of your retirement is as stated above or the date preceding your death, whichever occurs first.”
The application indicates that decedent made an optional selection known as Option IVb, wherein there was to be provided upon the date of her retirement a lesser retirement allowance to her, with provision at the time of her death to pay, in lump sums, $5,000 to each of the petitioners.
*695 Charlotte R. Butler died on February 11, 1966.
Respondent has offered to pay petitioners and to the estate of the decedent, the respective amounts due in accordance with the terms of Option IVb upon the basis that the effective date of decedent’s retirement is January 10, 1966.
Petitioners, however, contend that the effective date of the decedent’s retirement is the date preceding the day of her death, or February 10,1966, entitling them to the payment of the larger benefits mentioned, pursuant to section B20-40.0 of the Administrative Code of the City of New York, commonly referred to as the death gamble statute. This section provides for the payment of special death and retirement benefits ‘1 Upon the death of a contributor before retirement or within thirty days after the effective date of his service retirement ’ ’.
Petitioners argue that since, at the time of Charlotte R. Butler’s death, the respondent ‘ ‘ had not approved or taken any action” upon her application for retirement, and she had not received any benefits, and that since the attorney for petitioners at a meeting with respondent on February 24,1966 “ revoked the application for her retirement dated January 7,1966,” the date, January 10,1966, set forth in said application, is not the effective date of her retirement. They further rely upon the provisions of subdivision 2 of section B20-41.0 of the code in their claim that the effective date of decedent’s retirement is, instead, the date preceding the day of her death.
The court can see no merit to petitioners’ position.
The contents and language of the application clearly fixes January 10, 1966 as the effective date of decedent’s retirement, since she died subsequent thereto.
The applicable provision of the code, subdivision 1 of section B20-41.0, provides as follows: ‘ ‘ Any contributor may retire from service upon written application to such board setting forth at what time subsequent to the execution of such application he desires to be retired. Such application shall retire such contributor at the time so specified ”. (Italics supplied.)
In the light of the clarity of this wording, no such further requirements as petitioners advance are necessary to effectuate the retirement in this case.
The courts have so held. The mere filing of an application for retirement retires the teacher on the date therein appearing for the applicant’s retirement. Nothing more is required on the part of the respondent to effectuate the desired result. So long as such requisites have been complied with “ the application itself retired the teacher at the time so specified. Any action upon the part of the Board was unnecessary.” (Matter of *696 Creveling v. Teachers’ Retirement Bd., 255 N. Y. 364, 368; Matter of Rogalin v. New York City Teachers’ Retirement Bd., 290 N. Y. 664.)
Subdivision 2 of section B20-41.0 upon which petitioners rely provides in part that a contributor who, having filed an application for retirement, ‘ ‘ dies on or after the effective date of his retirement but before becoming entitled to retirement allowance * * * shall, nevertheless, be deemed to have been retired and to have become entitled to a retirement allowance effective on the day immediately preceding his death ”, (Italics supplied.)
This provision must be read together with section B20-40.0 of the code, quoted earlier in pertinent part. Obviously, the provision of subdivision 2 of section B20-41.0, as to date of retirement, is contingent upon the death of the contributor within 30 days. It relates to a contributor’s entitlement to retirement allowance and thus provides a choice of benefits between the retirement allowance or the special benefits provided for under section B20-40.0.
The terms of the application, the applicable provisions of the code, and the decisions interpretative thereof, establish beyond question that the effective date of Charlotte R. Butler’s service retirement is January 10,1966.
Since-this contributor’s death did not occur within 30 days after the effective date of her service retirement, her beneficiaries are, unfortunately, not entitled to the special benefits provided for under section B20-40.0. Petition is dismissed.