In the Matter of the Application of CORNELIUS FURGUESON, JR., as Executor, etc., of CORNELIUS FURGUESON, Deceased, Petitioner, for an Order against FIORELLO H. LAGUARDIA and Others, Constituting the Board of Estimate and Apportionment of the City of New York, as Head and Trustees of the " New York City Employees' Retirement System," Respondents.*

Supreme Court, Special Term, Kings County, March 21, 1939.

* Affd., 257 App. Div. ——.

*Isidor Neuwirth*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondents.

CONWAY, J. Petitioner herein is the executor of the estate of the late Justice FURGUESON, formerly a justice of the Municipal Court of the City of New York. Shortly prior to December 31, 1929, at which time Justice FURGUESON's term of office as justice expired, he filed an application for retirement with the board of estimate. Pursuant thereto and effective as of January 1, 1930, he was retired. Thereupon an initial reserve on his retirement allowance was set up in the sum of $40,130.61. It may be stated at this point that, according to the provisions of section 1700 of the former Greater New York Charter, a retirement allowance consists of a " pension " plus an " annuity." A pension, under the section, is defined as payments derived from appropriations made by the city; an annuity, as payments derived from contributions made by a member. The above-mentioned retirement allowance of $40,130.61 consisted of the sum of $6,981.74, which represented the accumulated deductions, together with interest, taken from the salary of Justice FURGUESON while he was a member of the retirement system, plus the sum of $33,148.87, which represented the then present value of the payments to be made by the city itself.

Upon his retirement, Justice FURGUESON was entitled to the choice of one of several options, in accordance with section 1720 of the then charter. He selected option No. 1. Under the terms thereof he was entitled to be paid an annual retirement allowance totaling the sum of $4,545.16. The latter amount consisted of an annuity of $790.80 and an annual pension payment of $3,754.36.

On January 1, 1930, the day upon which his retirement became effective, Justice Furgueson was appointed an official referee. He continued to act in such capacity until March 6, 1938, when he died. In the meantime, no part of his retirement allowance was paid.

The executor of the estate, which was named beneficiary of the unpaid balance due upon the annuity and pension, has brought this proceeding to compel payment of the above-mentioned sums of $6,981.74 and $33,148.87.

In opposition to the relief thus sought, the respondents, who constitute the trustees of the retirement system, have invoked the provisions of section 1560 of the Greater New York Charter. That section provides:

" § 1560. Pensioners not to hold offices, etc. If a person who may hereafter be awarded a pension from the city of New York or any of the departments thereof, or out of any fund under said city or any of its departments, shall hold any office, employment or position under the State or city of New York or any of the counties included within said city, except the offices of commissioner of deeds, notary public, or an elective public office, *the payment of said pension shall be suspended and forfeited during and for the time he shall hold such office, position, or employment;* provided, however, that this section shall not apply where the pension and the salary or compensation of the office, employment or position amount in the aggregate to less than twelve hundred dollars annually."

The above section compels the conclusion that Justice Furgueson forfeited, during his incumbency in office as official referee, that portion of his retirement allowance falling within the classification of a " pension." The retirement system was consequently authorized to deduct from the total amount of $33,148.87 the sum of $3,754.36 each year that Justice Furgueson continued to serve as official referee. At the time of the latter's death the fund had been reduced by such deductions so that only a total of $2,428.04 remained. The estate, therefore, is entitled to be paid, on account of the pension, not the sum of $33,148.87, but merely the balance of $2,428.04 remaining.

Although the trustees of the retirement system were justified, as above stated, in deducting that portion of the retirement allowance representing the annual amounts due upon the pension, there was nevertheless no basis upon which properly to predicate a deduction, during Justice Furgueson's incumbency in office as official referee, of any sum from the annuity reserve. On the contrary, they were obligated to pay the annuity annually. As the corporation counsel puts it in his brief: " Or to put it another way,

any official referee who retired prior to January 1, 1938 (when the new Charter changed the applicable provisions of law) and whose annuity payments have been withheld under Option 1, has the right to demand those payments as the law now stands."

Section 1560 authorized merely an *ad interim* forfeiture of the amounts due upon the *pension*.

Such view is amply supported by the decisions in *Matter of Benedict* v. *LaGuardia* (252 App. Div. 540; affd., 277 N. Y. 674); *Matter of Spiegelberg* v. *LaGuardia* (254 App. Div. 476; affd., 279 N. Y. 59). Petitioner is, therefore, entitled to be paid the sum of $6,981.74, representing the value of the annuity, together with interest accruing from the date of demand. I have considered the contention, urged by respondents, to the effect that petitioner is precluded from recovering any of the annuity payments, the right to which accrued more than six years prior to the commencement of the present proceeding. It is my view, however, that the Statute of Limitations affords no bar to full relief. Rather, it seems to me that, under the circumstances, the retirement system occupied a relationship to the retired member akin to that of a depositary and consequently that the statute did not commence to run until demand was made for payment.

The motion is granted to the extent indicated. Settle order on notice.