In the Matter of the Application of CORNELIUS FURGUESON, JR., as Executor, etc., of CORNELIUS FURGUESON, Deceased, Appellant, Respondent, for a Peremptory Order of Mandamus against FIORELLO H. LAGUARDIA and Others, Constituting the Board of Estimate and Apportionment of the City of New York as Head and Trustees of the " New York City Employees' Retirement System," Respondents, Appellants.— Proceeding brought by the petitioner, as executor of the last will and testament of Cornelius Furgueson, deceased, to obtain a peremptory order directing the defendants, constituting the board of estimate and apportionment as head and trustees of the " New York City Employees' Retirement System," to make payment forthwith (1) of the sum of $6,981.74, representing the value of the annuity set up for Cornelius Furgueson, as it was at the time of his retirement as a justice of the Municipal Court, and no part of which had been paid to him during his lifetime, together with interest thereon from January 1, 1930; and (2) of the sum of $33,148.87, representing the value of the pension set up for him as it was at the time of his retirement, and no part of which had been paid to him during his lifetime, together with interest thereon from January 1, 1930. A final order was entered at Special Term directing in effect (a) that the application with respect to the pension reserve be granted only as to the sum of $2,428.04, together with interest thereon from April 12, 1938, and as to the balance of that reserve, $30,720.83, denying the application; and (b) in effect

granting the application by directing the payment of the sum of $6,981.74, with interest from April 12, 1938, representing the value of the annuity set up for him at the time of his retirement, together with interest accruing from the date of the demand. From so much of that order as thus directed the payment of the sum of $2,428.04 only, with interest, from the pension reserve, and denied the application as to the balance thereof, $30,720.83, petitioner appeals. From the same final order defendants appeal, excepting as to that part of same which denies petitioner's application herein. Final order, in so far as appealed from, affirmed, without costs. The determination of the Special Term was correct in the light of authority. (*Matter of Benedict* v. *LaGuardia*, 252 App. Div. 540; affd., 277 N. Y. 674; *Matter of Spiegelberg* v. *LaGuardia*, 254 App. Div. 476; affd., 279 N. Y. 629.) No part of the petitioner's claim for the amount of the value of the annuity set up for the testator at the time of his retirement was barred by the six-year Statute of Limitations. That amount was in effect held in trust for the testator by the defendants. The statute did not commence to run until payment was demanded. Lazansky, P. J., Hagarty and Taylor, JJ., concur; Carswell, J., with whom Adel, J., concurs, dissents, in part, with the following memorandum: The Statute of Limitations is an unconscionable defense but the defendant trustees are under an imperative duty to invoke it. (*Matter of May*, 255 App. Div. 31, 34; *Butler* v. *Johnson*, 111 N. Y. 204, 212.) Upon his retirement there was due to Judge Furgueson a certain sum each year on the annuity phase of the retirement allowance. The city entertained the erroneous view until the *Benedict* case was decided (*Matter of Benedict* v. *LaGuardia*, 252 App. Div. 540; affd., 277 N. Y. 674) that such moneys were forfeited and did not pay that sum each year. If, in ignorance of his rights, Judge Furgueson did not require the payment over of that sum as the installments became due in each succeeding year, those installments became subject to the bar of the statute, with the result that neither he nor his estate may recover for a period greater than six years. Hence the amount allowed should be reduced from $6,981.74 to $5,087.65, and the order, as so modified, should be affirmed, without costs. [171 Misc. 270.]