In the Matter of the Application of FRED PIANI, Respondent, for a Writ of Mandamus against MAURICE P. DAVIDSON, as Commissioner of Water Supply, Gas and Electricity of the City of New York, Appellant.

First Department, March 16, 1934.

384

*Vine W. Smith* of counsel [*Cornelius Bregoff* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellant.

*Albert DeRoode,* for the respondent.

UNTERMYER, J.   The commissioner of water supply, gas and electricity of the city of New York appeals from an order of peremptory mandamus directing the restoration of the petitioner to the position of inspector of pipes and castings in the department of water supply, gas and electricity.   The petitioner, having passed a civil service examination, held a position in the competitive class of the classified civil service by appointment, on November 24, 1923, to the position of inspector of pipes and castings.   On December 20, 1927, the petitioner was arrested on a charge of homicide committed in New Jersey and, this having come to the attention of the commissioner, he was suspended on that date without pay.   On May 8, 1928, the petitioner was declared insane by the courts of New Jersey and was committed as an insane person to the Trenton Hospital.   For this reason, on May 17, 1928, he was "dropped from the rolls of the department," without the filing of any formal charges and without notice to him, by an inter-office memorandum signed by the commissioner and his place in the department was filled by another employee.   On April 8, 1930, the petitioner, having been found to have recovered his sanity and judicially declared to be sane by the courts of New Jersey, was tried for the homicide committed in December, 1927,   He was acquitted by the jury, apparently upon the ground that he was insane at the time of the commission of the alleged crime.   He thereupon returned to New York city and about six months thereafter, on October 4, 1930, executed and filed an application for the return of accumulated salary deductions paid by him into the New York city employees' retirement system during the period of his employment by the city.   In that application he stated that he "was dismissed from my position as Inspector of Pipes & Castings, Department of Water Supply, Gas & Electricity, Bureau Inspection

on the   day of Dec., 1927, and am not now in City service."
Upon this application the board of estimate and apportionment on
December 5, 1930, authorized the refund to the petitioner of the
accumulated deductions amounting to $414.47.   On December 17,
1930, the petitioner for the first time seems to have questioned the
propriety of his dismissal, for on that date he addressed a letter to
the commissioner demanding to know the reason for having been
dropped from the department in May, 1928.   There followed, in
January, 1931, an interview with an official of the municipal civil
service commission concerning the petitioner's dismissal from the
service, the substance of which is in dispute.   On May 7, 1931,
an earlier application for mandamus was made, which on June 4,
1931, was denied upon the ground of laches.   In July, 1931, upon
motion of the petitioner, the order denying that application was
resettled so as to deny it without prejudice to a new application
explaining the petitioner's delay in making the original application
for relief.   On December 9, 1931, the petition here was verified.

We think it is unnecessary to consider whether the petitioner
could be dismissed from the department upon the ground of insanity,
and, if so, whether he was entitled to notice and a hearing upon
specified charges as provided in section 22 of the Civil Service Law.
All these were objections which the petitioner was at liberty to
waive (*People ex rel. McLaughlin* v. *Police Commissioners*, 174
N. Y. 450), and it affirmatively appears that he waived any such
objections here.   With full knowledge of the facts he acquiesced
in the dismissal and thereby is precluded from asserting its invalidity.
We agree with the court at Special Term that laches cannot be
imputed to a person who is insane (*People ex rel. Jennings* v.
*Johnson*, 161 App. Div. 625), and we, accordingly, exclude from
consideration the petitioner's failure to take action until he was
restored to sanity and was acquitted on April 8, 1930, after an
absence from municipal employment of about two years and three
months.   But we find no adequate explanation for his conduct
from then until December 17, 1930, when, for the first time, he
appears to have questioned the propriety of the action of the
commissioner in dropping him from the rolls of the department.
It is true that the petitioner says that during this period his health
was impaired and that he was advised by his physician not to report
to work until he felt able to do so.   But this would not have pre-
vented him, during a period of eight months, from making some
protest, verbal or written, against a dismissal which he now claims
to have been without authority of law.   It does not explain his
action on October 4, 1930, in making formal application, under
section 1709 of the Greater New York Charter, for refund of salary

deductions paid into the New York city employees' retirement system, upon allegations that he had been dismissed from the department in December, 1927, and was not in the city service. The petitioner's conduct in this respect is entirely inconsistent with his present claim that he has never been dismissed because the action of the commissioner in " dropping him from the rolls " was equivalent merely to temporary suspension without pay. When the petitioner filed his formal application for a refund of salary deductions, he must have intended to waive whatever invalidity attended his dismissal from the department and to regard his separation from the city service as valid and permanent. Upon no other theory could he have filed the application under section 1709 of the charter which provides for refunds only where a member has been separated from the city service; upon no other theory could the board of estimate and apportionment have authorized it to be made. The conceded facts, therefore, do not entitle the petitioner to relief, and the application for an order of mandamus, either peremptory or alternative, should have been denied.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied.

FINCH, P. J., MARTIN and GLENNON, JJ., concur.

TOWNLEY, J. (concurring). The petitioner's adjudication as an incompetent created a vacancy of his office without the necessity of a dismissal or removal. (*Matter of Leavens* v. *McLaughlin*, 238 App. Div. 821; Public Officers Law, § 30; *Seaman* v. *City of New York*, 172 App. Div. 740, and cases cited therein; affd., without opinion, 225 N. Y. 648.)

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied.