GEORGE F. UNDERHILL, Appellant, v. LEWIS J. VALENTINE et al., Comprising the Board of Trustees of the Police Pension Fund of the City of New York, Respondents.— Plaintiff appeals from an order granting defendants' motion to dismiss the complaint under the provisions of subdivision 5 of rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action, and from the judgment thereon entered dismissing the complaint. Order and judgment reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. This is an action to compel specific performance of the contractual obligation of the defendants to retire the plaintiff as a police officer, to place his name on the roll of the Police Pension Fund and to pay to him the annual pension to which he is legally entitled. In our opinion the complaint states a cause of action. Membership in the Police Pension Fund of the City of New York constitutes a contractual relationship between the plaintiff and the defendants. (N. Y. Const. art V, § 7.) Plaintiff is entitled to the relief he seeks as a matter of right. Defendants, in obedience to the command of the statute, are required to complete the retirement upon his application. They are not vested with discretion. A proceeding pursuant to article 78 of the Civil Practice Act cannot be considered as an adequate remedy, for the absolute right of plaintiff to retirement might be denied him in such a proceeding pursuant to the inherent discretion of the court to grant or withhold relief on mandamus. (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464; *Matter of Andresen* v. *Rice,* 277 N. Y. 271; *Matter of Coombs* v. *Edwards,* 280 N. Y. 361.) Hagarty, Acting P. J., Johnston and Taylor, JJ., concur;

Lewis, J., dissents and votes to affirm with the following memorandum: It is my opinion that a full measure of relief is available to the petitioner through a proceeding under article 78 of the Civil Practice Act. In *Matter of Pierne* v. *Valentine* and *Matter of Harvey* v. *Valentine* (291 N. Y. 333) it was held that police officers who had made application for retirement in accordance with section B18–4.0 of the Administrative Code of the City of New York [L. 1937, ch. 929; amd. Local Laws, 1940, No. 2, § 1] were entitled to employ the drastic remedy of prohibition to prevent the Police Commissioner from conducting disciplinary proceedings against the applicants. Here, as in the *Harvey* and *Pierne* cases (*supra*) no charges were pending at the time of the application. In those cases charges were filed after the applications were filed. Here no charges at all have been filed. *A fortiori,* the present petitioner would seem to be entitled to retirement " upon his own application " (Administrative Code, § B18–4.0). If equitable considerations are likely to influence a court of law in exercising its discretion against granting an order under article 78, those same considerations would seem to operate in equity. The right of a law court to entertain such considerations does not diminish its power to grant full and adequate relief at law. (*Southern Leasing Co.* v. *Ludwig,* 217 N. Y. 100, 103, 104.) Adel, J., concurs with Lewis, J.