JOSEPH HOAR, Respondent, v. CITY OF YONKERS et al., Appellants.

Argued January 14, 1946; decided April 18, 1946.

*John J. Broderick, Corporation Counsel* (*J. Raymond Hannon* of counsel), for appellants. I. Neither the State Constitution, nor any statute of the State or local law, created a contract on July 2, 1940, which included the terms set forth in the declaratory judgment. Local Law No. 12 of 1941 and No. 8 of 1942, if said local laws cannot be amended or repealed, were not enacted in conformity with section 15 of the City Home Rule Law. (*People ex rel. Devery* v. *Coler*, 173 N. Y. 103.) II. The provisions of Local Law No. 12 of 1941 and Local Law No. 8 of 1942, if validly enacted, are constitutional in their entirety and do not contravene the provisions of section 7 of article V of the State Constitution. III. Plaintiff, if said local laws are valid in their entirety, is not entitled to the additional pension or retirement benefits therein provided for.

*Leonard G. McAneny* and *Sheldon L. Pollock* for respondent. I. The local laws, containing provisions held by Special Term to be terms of the contract between plaintiff and defendants, took effect pursuant to sections 16 and 17 of the City Home Rule Law. II. Plaintiff's pension contract now legally includes those terms of the 1941 and 1942 Local Laws which do not conflict with the provisions of the State Constitution. III. The provisions of section 7 of article V of the State Constitution together with the facts and provisions of law then existing, created a contract as of July 2, 1940, between plaintiff and defendants including those terms set forth in the declaratory judgment as to amount of pensions and payments into the pension fund. (*Pennie* v. *Reis*, 132 U. S. 464; *Matter of Friel*, 101 App. Div. 155; *People ex rel. Price* v. *Woodbury*, 38 Misc. 189; *Stokes* v. *Stokes*, 148 N. Y. 708; *Mahaney* v. *Carr*, 175 N. Y. 454; *Cochran* v. *Taylor*, 273 N. Y. 172; *Winne* v. *Winne*, 166 N. Y. 263; *Weinberger* v. *Van Hessen*, 260 N. Y. 294.)

Lewis, J. The plaintiff, a member of the Firemen's Pension Fund of the City of Yonkers, by his complaint in the present

action demands a declaratory judgment which will determine his pension rights. By a counterclaim interposed in their answer the defendants also demand a judgment declaring the plaintiff's pension rights which are pleaded on a basis different than that asserted by the plaintiff. After a reply had been served cross motions by the plaintiff and the defendants were made under rule 112 of the Rules of Civil Practice for judgment on the pleadings. The order made at Special Term, which granted plaintiff's motion and denied that of the defendants, has been affirmed unanimously at the Appellate Division. The case reaches us upon the defendants' appeal by leave of the Appellate Division upon a certificate that questions of law are presented which should be the subject of our review.

From allegations in the complaint which are not denied it appears that the plaintiff qualified under his appointment as a fireman on March 16, 1933. Since that date he has been a member of the Firemen's Pension Fund. (Supp. Charter of the City of Yonkers, art. XII [L. 1908, ch. 452] as amended and superseded by Local Law No. 2 [1931] of City of Yonkers.) During the period of his service the plaintiff's compensation has been increased from his initial annual salary in 1933 of $1,940 until March 16, 1940, when it reached the maximum of $3,000 and remained at that amount until March 1, 1941. On the latter date his compensation as fixed by the city budget was reduced to $2,625 per annum and has since remained at that figure. From that reduced annual compensation the Comptroller of the City of Yonkers, assuming to act under section 2 of article XII of the Supplemental Charter of that city as amended and superseded by Local Law No. 6 of the City of Yonkers (Local Laws, 1940), had deducted 5% and has paid such deduction to the Firemen's Pension Fund as the plaintiff's required contribution thereto.

In the meantime there had become effective an amendment to the State Constitution, adopted by the people on November 8, 1938, which added to article V the following new section: " Membership in retirement systems; benefits not to be diminished nor impaired. § 7. After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired."

Thereafter, on December 29, 1941, the Common Council of the City of Yonkers adopted Local Law No. 12 (eff. Feb. 12, 1942 [published in Local Laws, 1942, p. 544]), entitled " A local law to protect the pension and retirement rights of members or officers of the bureau of police and the bureau of fire, department of public safety of the city of Yonkers and of the widows of such members or officers." Under the provisions of Local Law No. 12 (1941) as amended by Local Law No. 8 of 1942 [published in Local Laws, 1943, p. 554] the plaintiff or his widow, as the case may be, became entitled to certain prescribed pension rights based upon the compensation he would have received if the salary schedules and increments which existed immediately prior to March 1, 1941, had continued without the reduction, unless within a stated time the plaintiff had filed with the Commissioner of Public Safety and the Comptroller of the City of Yonkers, a certificate in prescribed form stating his election to have his pension rights and the pension fund contributions of himself and the City of Yonkers computed on the basis of his compensation as reduced.

Concededly, the plaintiff did not sign and file the certificate required by Local Law No. 12 (1941) as amended by Local Law No. 8 (1942). Instead he delivered such certificate through official channels to the Commissioner of Public Safety, unsigned, with an indorsement on the reverse side thereof reading " Joseph J. Hoar not interested." Despite the plaintiff's failure to execute the certificate in conformity with Local Law No. 12 (1941) we may assume that the Comptroller of the City of Yonkers treated the instrument as an election by the plaintiff to contribute to the Firemen's Pension Fund on the basis of his reduced salary. Thereafter the plaintiff's contributions were computed on that basis.

In this action the plaintiff has thus far successfully maintained that article V, section 7, of the Constitution, reinforced by Local Law No. 12 (1941) and Local Law No. 8 (1942) — which, under stated conditions, provide for pension benefits based on compensation paid immediately prior to the reduction made effective March 1, 1941 — served to bring into existence a contract whereby, upon his retirement or death under conditions giving rise to pension rights, either he or his widow, as the case may be, will be entitled to receive a pension equal to one-half the annual compensation of $3,000 which he received

immediately prior to March 1, 1941, when his compensation was reduced to $2,625 per annum, and that his contributions to the Firemen's Pension Fund, deductible monthly at the rate of 5% of his compensation, should be computed on the basis of his reduced salary.

We find nothing in the text of article V, section 7, of the Constitution or in any State statute or local law which withholds from the appropriate official body of the City of Yonkers the power to reduce or increase the compensation which the plaintiff shall receive and which serves as the basis for computing his pension rights. The constitutional provision, as we have seen, recognizes the plaintiff's membership in the firemen's pension system of the City of Yonkers to be " a contractual relationship." On July 2, 1940, when the operative provisions of article V, section 7, became effective, the terms of the contract fixing the plaintiff's pension rights were defined by Local Law No. 6 (1940) which — under stated conditions and upon contributions to the Fireman's Pension Fund computed on his annual compensation, which might be reduced or increased from time to time — made available to him or to his widow a pension equal to one-half the annual compensation received by him at the date of his retirement or death.

It follows that without regard for rights, if any, to which the plaintiff may be entitled under Local Law No. 12 (1941) as amended by Local Law No. 8 (1942) the contractual relationship created by article V, section 7, of the Constitution was not such as entitled the plaintiff to retirement benefits equal to one-half his former maximum annual salary of $3,000 when his contributions to the Firemen's Pension Fund since March 1, 1941, have been based upon his reduced compensation of $2,625 per annum. The pleadings do not permit us to pass upon the rights, if any, to which the plaintiff may be entitled under Local Law No. 12 (1941) as amended by Local Law No. 8 (1942).

The judgments should be reversed, the plaintiff's motion for judgment on the pleadings denied, and a declaratory judgment directed in accordance with the relief demanded by the defendants' counterclaim, without costs. [See 295 N. Y. 981.]

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgments reversed, etc.