In the Matter of JAMES QUINLAN, Petitioner, against WILLIAM REID et al., Constituting the Board of Transportation of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, June 24, 1949.

*Charles Belous* for petitioner.

*John P. McGrath, Corporation Counsel* (*Helen R. Cassidy* of counsel), for respondents.

COHALAN, J. This is an article 78 proceeding in which an order is sought directing the respondent members of the board of transportation to reinstate petitioner in his position as motor-man on the municipal subway system. Certain incidental relief is asked with reference to claimed wages. Preliminarily, we are not concerned with this phase of the litigation, which will be subsequently adverted to. Petitioner, prior to the acquisition of the Interborough Rapid Transit Company lines, was an employee of that company. He entered its employ on July 16, 1929, as a subway guard. He became a conductor in November, 1937, in December of that year a yard motorman and in June, 1940, a motorman.

While operating a subway train in the underground section of the Lexington Avenue Line, petitioner was involved in an accident on September 3, 1948. This incident occurred just

above the Canal Street station. As a result of this accident he was charged with failure to observe caution signal lights and a flagman on duty. The train which he was operating demolished a ladder from which a workman jumped to safety immediately before the accident. He came on for trial before the respondent, Commissioner Sullivan, who found him guilty, suspended him without pay for ten days, placed him on probation for one year and, after petitioner had executed a waiver consenting to the action, reduced him to the position of conductor. At the time of the trial before Commissioner Sullivan petitioner was on six months' probation for having caused an accident in May, 1948. At that time he had started the train he was operating before the doors of the cars constituting this train were closed. As a result a passenger alighting from the train was injured.

Petitioner availing himself of the rights claimed by him under the Civil Service Law (§ 22, subd. 3) appealed to the Civil Service Commission. The latter body agreed that petitioner was "culpable and deserving of punishment" but modified the punishment by directing that petitioner be placed on a preferred list (Civil Service Law, § 31) for the position of motorman. There are vacancies now existing in the position of motorman and petitioner seeks to compel the respondents to appoint him to one of these positions from the preferred list upon which the Civil Service Commission directed he be placed.

At the outset respondents contend that petitioner has no right of appeal under subdivision 3 of section 22 of the Civil Service Law and that his rights are limited to those provided him under subdivision b of section 14 of the Rapid Transit Law. The basis of this contention is that respondents, having the responsibility for the safety of the huge numbers of people who use the city's rapid transit facilities, should not have their judgment about the suitability, of at least operating personnel, subject to the review of those not charged with this responsibility and not experienced in the difficult and dangerous business of operating rapid transit lines. As a management concept the point so advanced is not without merit but the legal argument based on it has no merit. Those employees of the privately owned transit lines who were taken into civil service at the time of unification enjoy all the privileges of civil service employees generally. They are not in any separate category (*Felder* v. *Fullen*, 27 N. Y. S. 2d 699, affd. 263 App. Div. 986, affd. 289 N. Y. 658). That the wisdom of such an arrangement is doubtful is not a matter with which this court may concern itself without

resort to judicial legislation. If it is desirable that respondents' concept become law, such law must be enacted by the Legislature. All this however, while requiring comment, is not controlling. Petitioner, when the incident leading to his demotion occurred, was on probation. He was faced with the loss of his position. He had, in respondents' opinion, demonstrated his inability to fulfill the position he held. Faced with the loss of his employment he consented to the demotion to the position of conductor. Having so waived his rights, realizing that his employment was at stake, he accepted the lesser position. Having done so he cannot have the fruits of such an election and at the same time appeal the decision. If he was aggrieved, he should have appealed that decision without accepting any benefits accruing to him therefrom. His written consent to accept the lesser position was a waiver on his part of any claim as to the illegality of such a decision (*Matter of Piani* v. *Davidson,* 240 App. Div. 383). The application is accordingly denied and so much thereof as seeks incidental relief with reference to the claimed lost compensation requires no consideration.