In the Matter of JOSEPH M. CARROLL, Petitioner, against JACOB GRUMET et al., Constituting the Board of Trustees of the New York City Fire Department Pension Fund, Article 1, Respondents.

First Department, December 16, 1952.

*Paxton Blair* of counsel (*Edward M. Edenbaum,* attorney), for petitioner.

*Pauline K. Berger* of counsel (*Seymour B. Quel* and *W. Bernard Richland* with her on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondents.

Cohn, J. This is a submission of a controversy pursuant to sections 546–548 of the Civil Practice Act.

Petitioner, a retired New York City fireman, seeks an order directing the board of trustees of the fire department pension fund, to recompute a pension granted to him eight years ago, on the alleged ground that a " cost-of-living " bonus, received by him for several months prior to retirement, should have been treated as " salary " for the purpose of calculating his pension. He asks for a recovery of the difference between the pension payments received by him and those to which he claims to be entitled, conceding, however, that he is barred from recovering any payments which might have become due more than six years before the commencement of this proceeding.

The question presented is whether a written agreement voluntarily executed by petitioner is valid and binding, wherein he expressly consented that the " emergency cost-of-living increase " paid to him above his duly fixed salary rate should not constitute " salary " for the purpose of computing his pension upon retirement.

A plan of granting " emergency cost-of-living pay increases ", designed to foster continuance of city's employees in the public service during the period of an emergency following the commencement of World War II by increasing their take-home pay, without affecting their pensions, was adopted by the city.

The salary of petitioner had been fixed at $3,000 per annum when on June 30, 1944, he voluntarily and with full knowledge of its contents signed an agreement with the City of New York under the terms of which he was to receive an emergency cost of living adjustment of $420 per annum upon condition that such increase should not constitute salary for the purpose of computing his pension upon retirement; that neither he nor the City of New York should be required to make any payment into the pension system on account of the additional compensation; and that payments of such additional compensation should not be considered in computing the amount of benefits to which the member should be entitled under any pension system.

Thereafter he received the cost of living bonus payments from July 1, 1944, to October 17, 1944, on which latter date he retired. In accordance with the agreement, there were no pension deductions from his pay checks on account of the increase nor did he demand that such deductions be made. In his application for retirement, he expressly requested an annual pension of $1,500 being one-half of his yearly salary. He was

retired on that basis. The pension of $1,500 was accepted without objection for almost seven years. On January 31, 1951, for the first time, he indorsed the pension checks under protest. The present proceeding was instituted on October 10, 1952.

Pension rights of petitioner are defined by section B19–4.0 of the Administrative Code of the City of New York as " not less than one-half his full salary or compensation at the date of his retirement from the service ". Petitioner maintains that " full salary or compensation " necessarily includes the cost-of-living bonus. If the increased compensation had been unconditionally granted by the city without question it would have constituted salary or compensation for pension purposes. However, when petitioner signed the agreement, he gave his consent that the bonus should not be regarded as salary for pension purposes, in exchange for grant of an increase which otherwise he would have had no legal right to demand or compel. (New York City Charter, § 67; Administrative Code of City of New York, § 67–2.0; *Matter of McCarthy* v. *La Guardia,* 172 Misc. 260, affd. 259 App. Div. 710, affd. 283 N. Y. 701.) This constituted a valid consideration for the waiver. It is well settled that, except of course when expressly prohibited by statute (cf. Rent and Eviction Regulations of Temporary State Housing Rent Comm., § 15, eff. March 15, 1951; State Residential Rent Law, § 10, as amd. by L. 1951, ch. 443), a man may waive any right that he has, whether secured to him by contract, conferred upon him by statute or guaranteed him by the Constitution. (*People ex rel. McLaughlin* v. *Board of Police Comrs.,* 174 N. Y. 450, 456.) The courts have consistently upheld waivers by public employees of various terms and conditions of their employment. (*Matter of Manning* v. *Joseph,* 304 N. Y. 278; *Matter of McCarthy* v. *McGoldrick,* 266 N. Y. N. Y. 199; *Matter of Quinlan* v. *Reid,* 195 Misc. 970, 972, affd. 275 App. Div. 1034, affd. 300 N. Y. 723.)

The parties here contracted that the bonus would not be calculated in establishing the amount of pension. Unless the agreement is void as against public policy, petitioner is bound. Section 7 of article V of the New York State Constitution expressly provides that: " membership in any pension or retirement system * * * shall be a contractual relationship, the benefits of which shall not be diminished or impaired." This provision indicates a public policy in support of agreements regarding pension rights. By terming membership in a retirement system a " contractual relationship " the Constitution

obviously authorizes agreements with respect thereto, for nothing could be more inherent in a " contractual relationship " than the right of the parties to agree with respect to the terms and conditions of such relationship.

The pension statute, which constitutes part of the contract between the parties, in the present situation, leaves open to the city the discretion to fix the salary upon which the amount of an employee's pension is to be computed. (Administrative Code of City of New York, §§ B19–4.0; B19–3.0, subd. 8, par. b; *Hoar* v. *City of Yonkers,* 295 N. Y. 274, 279.) If the constitutional declaration that the pension relationship is " contractual " is to be given any effect, it must be construed as authorizing bargaining between the parties, for their mutual interest, with respect to pension rights. (*Matter of Dinan* v. *Patterson,* 193 Misc. 92, affd. 275 App. Div. 801.)

In *White* v. *Hussey* (275 App. Div. 714 [2d Dept., 1949]) the court in affirming an order sustaining a defense interposed in an action such as this which pleaded an agreement in all respects similar to the one at bar said: " While membership in any pension or retirement system of the State or of a civil division thereof is a contractual relationship (N. Y. Const., art. V, § 7; *Hoar* v. *City of Yonkers,* 295 N. Y. 274; *Underhill* v. *Valentine,* 267 App. Div. 778), and existing rights may not be impaired, the constitutional provision does not prohibit an agreement such as that alleged in the defense pleaded. As a matter of pleading, the defense is sufficient."

The issues in the *White* case (*supra*) were subsequently tried out in Westchester County before former Presiding Justice CLOSE, now an Official Referee. He held that the city's salary fixing board had full power to condition the granting of a bonus upon the consent of a city employee that it should not be regarded as salary for pension purposes. The judgment so entered was unanimously affirmed (*White* v. *Hussey,* 276 App. Div. 1028 [2d Dept., 1950], motion for leave to appeal denied 276 App. Div. 1093).

Accordingly, we hold that petitioner's written agreement to the effect that the cost of living bonus shall not be regarded as salary for the purpose of computing his pension, was supported by consideration, was voluntarily executed by him for the purpose of obtaining the increased compensation, is in full conformity with the public policy of the State, and is valid and binding upon him.

A final order should be entered dismissing the petition, with costs and disbursements.

PECK, P. J., DORE and CALLAHAN, JJ., concur.

Final order is directed to be entered dismissing the petition herein, with costs and disbursements. Settle order on notice. [See *post,* p. 863.]