Irving L. Levey, J.
This suit involves a construction of section B3-46.0 of the Administrative Code of the City of New York which, insofar as applicable herein, provides as follows:
“ Until the first payment on account of any benefit is made, the beneficiary * * * may elect to receive such benefit in a retirement allowance payable throughout life * * * with the provision that:
‘ ‘ Option 1. * * *
“ Option 2. * * * ”
The facts are not in dispute. On March 18, 1952, plaintiff, then general medical superintendent of the department of hospitals, and a member of the New York City Employees’ Retirement System, applied for retirement to take effect April 22, 1952. On March 19, 1952, he selected the benefits under Option 2 of section B3-46.0 of the Administrative Code, and nominated his wife as beneficiary of the right of survivorship. On May 8, 1952, the Board of Estimate approved the plaintiff’s retirement.
Prior to the receipt of any payment in connection with the retirement allowance, the plaintiff, on May 31, 1952, informed the retirement system that he was revoking and canceling the selection under Option 2, and in lieu thereof was electing to receive his retirement allowance in accordance with the provisions of Option 1. Upon the defendant’s refusal to accept and recognize the revocation of Option 2, and the selection of Option 1, for the reason that plaintiff’s prior selection of Option 2 *1052 became irrevocable on April 22, 1952, the effective retirement date, this suit was begun.
The defendant contends that the language of section B3-46.0 of the Administrative Code, hereinabove quoted, means that a beneficiary may elect an option, only once, at any time up to the date of the first payment, and once such election is made, any right to change that election is foreclosed, even though no payment has been made. Plaintiff, on the other hand urges that section B3-46.0 means what it says, i.e., that the right of selection of an option does not expire until the making of the first payment on account of any benefit.
The issue involved can be determined from the unambiguous . language of section B3-46.0 which expressly provides that the period of time within which selection may be made is “ Until the first payment on account of any benefit is made ”. No other measure of time is mentioned. Nowhere in the material portion of section B3-46.0 is the effective date of retirement alluded to. If it were the legislative intent to impose this additional requirement, it could easily have been accomplished. Comparison with section 82 of the Civil Service Law (now Retirement and Social Security Law, § 90) which deals with options for the payment of retirement allowances under the New York State Employees’ Retirement System is clear proof that where the Legislature intended to require the selection of an option at or prior to the effective retirement date, appropriate words for the expression of such intent were used.
The defendant’s refusal to recognize and give effect to plaintiff’s revocation of the selection of Option 2 and his new selection of Opinion 1, is contrary to the express language of section B3-46.0 of the Administrative Code, and plaintiff is entitled therefore to the relief sought.
Motion for summary judgment in his favor is granted.
Settle order accordingly.