Per Curiam.

Title to the checks issued to the decedent during his lifetime passed to his legal representative upon his death (Surrogate’s Ct. Act, § 202, subd. 8). The executor, alone, had *292 the power to deal with the checks, either to negotiate or to surrender them. The individual defendants have been unjustly enriched by the receipt of funds which belonged to the estate of the decedent.
Whether the decedent, by failing to cash the checks, retained the right to change his option up to the date of his death is immaterial. The fact is that he did not change his option. .Moreover, the individual defendants’ rights spring from the option chosen by the decedent, under the terms of which certain payments were to be made to him during his lifetime, and ■the balance of the fund paid to the designated beneficiaries at (his death. Insofar as checks were issued, title thereto passed to the decedent upon their delivery to him and, like any other asset, to his executor upon his death.
Two judgments, each dismissing plaintiff’s complaint in an action submitted on agreed state of facts, should be unanimously reversed, without costs, and judgment granted in favor of the ¡plaintiff in the sum of $1,323.36 against all defendants and in favor of the defendants the City of New York and the New York City Employees’ Retirement System on their cross claim in the sum of $661.68 against each individual defendant, without costs.
Pette, Hart and Brown, JJ., concur.
Judgments reversed, etc.