■ JAMES T. CONNOLLY, as Executor of SYLVESTER G. CONNOLLY, Deceased, Respondent, v. EUGENE CONNOLLY et al., Appellants.— Appeal, by permission of this court, from an order of the Appellant Term which (1) reversed separate judgments of the Municipal Court of the City of New York, Borough of Brooklyn, Third District, dismissing the complaint, and (2) granted judgment in favor of respondent against all appellants and in favor of the City of New York and the New York City Employees' Retirement System on their cross claim against each individual appellant. Order of the Appellate Term reversed, without costs, and judgments of the Municipal Court affirmed. By agreement of the parties the facts were stipulated. Respondent's testator was a member of the Retirement System. He retired and selected "Option 1" as a result of which he was entitled to receive monthly retirement allowances for life, and upon his death the moneys remaining in his retirement account, if any, were to be paid to three persons who had been designated by him (New York City Administrative Code, § B3–46.0). Respondent's testator died about five and a half months after his retirement. In the interim he had received several checks from the Retirement System representing his monthly retirement allowances. The total of these checks was about $1,900. At the time of his death the checks had not been "cashed, negotiated, assigned, or endorsed" by the testator. Following the testator's death the checks were returned to the Retirement System. The City's Board of Estimate authorized the Retirement System to pay some $47,000 to the three designees, which included the $1,900 represented by the aforesaid checks. The executor sued to recover two thirds of this amount (one third had been paid into the estate by the executor himself, as an individual, he being one of the three designees). Under the above code provision a retirement allowance option can be changed "Until the first payment on account" is made. On this appeal all parties concede that the issue is whether the delivery of the checks to respondent's testator constituted payment, and that if the answer be in the affirmative the estate is entitled to the amounts corresponding to the amounts of the checks, but if in the negative appellants are entitled to judgment on the merits. In our opinion the delivery of the checks, standing alone, did not constitute payment. However, if it be assumed that it did constitute payment, that fact would not authorize a recovery by respondent. Respondent could recover only by proving that there was money due to his testator at the time of his death which *had not been paid*. The contract between the testator and the Retirement System provided that if the testator should die before he had received in payments the value of his retirement account, the balance should be paid to his named designees. By failing to cash the checks the testator postponed the receipt of payments and had not received them when he died. Consequently, under his contract, the amount which he had not received was not due his estate, but was properly held to be due to his nominees, the individual appellants and respondent, as an individual. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Wenzel and Beldock, JJ., dissent and vote to affirm the order of the Appellate Term, with the following memorandum: In our opinion, the delivery of the monthly retirement checks to the retired member during his lifetime was, under the circumstances here disclosed, payment to him. The obligation of the Retirement System was to make payments to the retired employee during his lifetime and on his death to his designees. The retired member may not vary that obligation by refusing or postponing receipt of payments. His retention of the first, second and third checks was a waiver of any further options.