Chief Judge Desmond.
The Appellate Division, Second Department, granted plaintiff leave to appeal to us from its reversal of a reversal by Appellate Term of a Municipal Court judgment for defendants. The net result of all this was a reinstatement by the Appellate Division of the victory won by defendants after a trial on stipulated facts.
Plaintiff is the executor of the will of Sylvester Connolly who was an employee of the City of New York until he retired on March 3, 1955. He died on August 28, 1955. As a member of the New York City Employees’ Retirement System he had become entitled on retirement to choose, and had chosen, as to his retirement benefits, “ Option 1 ” (see Administrative Code of City of New York, § B3-46.0). The terms of “ Option 1 ” as applicable to Connolly’s status were as follows: he would receive during his life an annual retirement allowance of $4,013.31, payable in equal monthly installments with the further provision: “ If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person as the beneficiary, or the husband or wife or committee so electing, has nominated or shall nominate by written designation duly acknowledged and filed with the board.” Sylvester Connolly duly designated as the persons to receive such balance if any after his death: James T. Connolly, Eugene Connolly and Edna Sorahan. The two last named are, with the New York City Employees’ Retirement System, defendants in this suit. James T. Connolly, the other such beneficiary, is the same person who brings this suit in his capacity as executor of Sylvester Connolly’s will.
At Sylvester Connolly’s retirement his retirement allowance or account totaled $47,815.35. From the date of his retirement until his death the total of the monthly retirement allowances or payments due him and sent to him by the Retirement System in the form of checks was $1,985.05. He received the checks but did not cash any of them. After his death they were returned to the Retirement System by James T. Connolly and $1,985.05 was recredited to his account. The Retirement System pursuant to a resolution of the New York City Board of Estimate *276 paid $47,815.35, the full undiminished amount of the original account, in equal shares to the three beneficiaries named by Sylvester Connolly in his lifetime. One of them, James T. Connolly, took the position that $1,985.05 thereof belonged to the estate, so he paid his one third thereof to himself as executor and brought this suit against the other two beneficiaries and against the New York City Employees’ Eetirement System for the other two thirds of the total amount of the checks.
The question for decision is: were the amounts represented by the uncashed checks “received” by Sylvester Connolly during his lifetime and so part of his testamentary estate, or, because the checks went uncashed, did the amount thereof remain at Sylvester Connolly’s death part of the retirement account balance not ‘ ‘ paid ’ ’ out during his life ?
The Municipal Court held that the checks were not payments but merely unexercised orders for payment. Appellate Term, on the contrary, stated the view that title to the checks passed to Sylvester Connolly and from him to his estate. That court pointed out that under the option certain payments were to be made to decedent during his life and that the balance only was to go after his death to the beneficiaries named in his option. When the case came to the Appellate Division the majority there held, however, that decedent by failing to cash the checks, “ postponed the receipt of payments ” and so the checks were not payments and did not diminish the full account. The two dissenters at the Appellate Division wrote that under the circumstances delivery of these monthly retirement checks constituted payment to decedent and that, although the option could according to the statute have been changed ‘ ‘ until the first payment on account ”, decedent never changed it and by retaining the checks waived his right to change it.
Plaintiff-appellant cites no authorities and, like him, we think there are no directly applicable precedents. Inapplicable is the general law as to whether or not a check imports payment. The real question is as to the meaning and purpose of the arrangement made by Sylvester Connolly with the Eetirement System when he chose his option. We agree with the Appellate Term and the Appellate Division dissent. True, the relationship between Connolly and the Eetirement System was that of creditor and debtor but that does' not answer our question. *277 Each time Connolly received a monthly pension check that amount became his and the account was decreased accordingly. The fair and common-sense meaning of “ Option 1 ” is that there shall go to the named beneficiaries after the member’s death an amount equal only to the original account less the monthly allowances accrued to the member during his life. There is no indication that this member ever intended to change the plan. His wishes should be carried out.
The judgment appealed from should be reversed and the resettled judgment of the Municipal Court, dated December 31, 1957, reinstated, with costs in this court and in the Appellate Division.
Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment reversed, etc.