■ In the Matter of ALICE GUZMAN, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Judgment, Supreme Court, New York County, entered October 7, 1975, reversed, on the law, and vacated, without costs and without disbursements, the petition granted and judgment directed determining that petitioner is entitled to a death benefit in a lump sum from respondent New York City Employees' Retirement System under Option 1.a as provided in sections B3-36.0 and B3-46.0 of the Administrative Code of the City of New York and respondents directed to forthwith compute and make payment thereof to petitioner, with interest thereon from October 10, 1974. Petitioner's husband, Herminio Guzman, retired on December 26, 1972 from service with the City of New York and elected for his retirement benefits Option 4 of section B3-46.0 of the Administrative Code. He further elected that in the event of his death on or after the effective date of his retirement and before the first payment on account of retirement allowance, a benefit under Option 1 of the same Administrative Code section shall be paid in lieu of the benefit payable under Option 4. For nearly two years the retirement board delayed unconscionably making any payment to the retiree. On October 9, 1974 the retirement board deigned to fulfill finally its obligation and mailed to Mr. Guzman the first benefit check on account of his retirement. Too late for poor Guzman, however. By 3:00 A.M. on the morning of October 10, 1974 Mr. Guzman was dead; the retirement check had not yet arrived. Thereafter, his wife, petitioner, requested payment under Option 1 on the claim that the first payment under Option 4 had not been made. Concededly, Option 1 would provide petitioner a greater benefit than Option 4. The retirement system responded that the first payment had been made; the court below agreed and held that payment was accomplished by the mailing. We disagree. The first payment was not effectuated merely by the mailing of the check. No court has ever so held for to do so would require disregarding the express words of the Administrative Code which provide that the controlling event is the first payment. It is undisputed that the check was not delivered to Mr. Guzman. He died before the check ever reached its destination. He died before the "first payment" was made. In *Connolly v Connolly* (9 NY2d 272) and *O'Connor v New York City Employees' Retirement System* (42 AD2d 70), the check had been delivered and received at the address indicated by the pensioners. That the pensioners did not actually cash the checks were voluntary decisions on their parts. The court in each instance properly held that the retired member may not vary the obligation of the system by refusing or postponing receipt of payment. But here Guzman did nothing to postpone the first payment; his death and respondent's long delay made it impossible. The Court of Appeals in *Connolly* held that the *delivery* of the monthly retirement checks to the retired member was payment to him. In the cases relied upon by Special Term, and indeed in all reported cases we have found, payment, actual or constructive, had occurred because

in each there had been delivery. Both *Connolly* and *O'Connor* had as their aim the prevention of a retiree's obtaining greater benefits by virtue of his own voluntary acts. Certainly that is not the case here, where Guzman applied for retirement nearly two years before the retirement system mailed his first payment check and the check did not arrive until after his death. Nor does this conclusion in any manner affect adversely the retirement system's need for a specific cutoff date. Such date remains, as the courts have held it to be, the payment date, unvaried by the retiree's actions. Concur—Lupiano, Silverman and Nunez, JJ.; Kupferman, J. P. and Capozzoli, J., dissent and vote to affirm on the opinion of Helman, J., at Special Term, and Silverman, J., concurs in the following memorandum: I concur for reversal. The various options available to a retiring employee represent a balance between amounts payable periodically during the retired employee's life and amounts payable to his estate on his death. A higher monthly life-time payment means a lower death benefit and vice versa. As between Option 1 and Option 4, the latter provides a larger payment during life coupled with a smaller payment to the estate. The statute fixes the cutoff date for a change (voluntarily or by operation of law on death) from Option 4 to Option 1 as the making of the first payment. It seems to me that the rationale of making that event the cutoff date is that at that time the retired employee has begun to receive the larger life-time payments under Option *4* and so his estate cannot also receive the higher death benefit of Option *1.* But if the first payment does not arrive until after death then the retired employee has never received the larger life-time payments under Option 4 and so there is no inconsistency or unfairness in permitting him and his estate to be paid under Option 1.