OPINION OF THE COURT
Cooke, J.
The question before us, in simplest terms, is whether the mere mailing of a check by the New York City Employees’ Retirement System to a beneficiary constituted a first payment on account of retirement benefits, under section B3-46.0 of the Administrative Code of the City of New York.
The New York City Employees’ Retirement System (sometimes hereinafter referred to as the System), generally, is governed by the provisions of title B of chapter 3 of the Administrative Code of the City of New York. Under it a "beneficiary” means "any person in receipt of a pension, an annuity, a retirement allowance, a death benefit or any other benefit provided by [said] title” (§ B3-1.0, subd 8); "Until the first payment on account of any benefits is made”, the beneficiary, if not incompetent, may elect to receive the benefit in a *189 retirement allowance payable throughout his or her life or the actuarial equivalent of his or her annuity, pension or retirement allowance in a lesser amount payable for life, with the balance payable in accordance with four options (§ B3-46.0). Under Option 1 (subd a), the difference between the present value of the beneficiary’s annuity, pension or retirement allowance, as the case may be, at the time of retirement, and the amounts paid to him or her prior to death, may be paid to a designated beneficiary in a lump sum or the actuarial equivalent in the form of an annuity to his legal representatives or to such person as the beneficiary has nominated by written designation acknowledged and filed with the board of trustees of the retirement system (§ B3-46.0; see § B3-1.0, subd 48). If a beneficiary elects Option 4, he or she may designate that a particular benefit be paid upon death to such person or persons as he or she nominates, provided such benefit, together with the lesser annuity, pension or retirement allowance, shall be certified to be of equivalent actuarial value to his or her annuity, pension or retirement allowance and shall be approved by said board (§ B3-46.0).
Alice Guzman, as petitioner, instituted this proceeding for a determination that she, as widow and nominated beneficiary of Herminio Guzman, is entitled to a death benefit in a lump sum from the System pursuant to sections B3-36.0 and B3-46.0 of said code. Special Term dismissed the petition, but on appeal the Appellate Division, by a divided court, reversed, granted the petition and directed judgment determining that petitioner is entitled to such a lump-sum death benefit and also directed that respondents forthwith compute and make payment.
Herminio Guzman had been an employee of the Department of Hospitals of the City of New York and the New York City Hospitals Corporation far in excess of 20 years prior to his retirement on December 26, 1972. On July 23, 1974 he executed a form, selecting his benefits under Option 4 of section B3-46.0 and nominating petitioner as the beneficiary to receive a lump sum of $10,000 at the time of his death. The form also set forth: "I elect that in the event of my death on or after the effective date of my retirement and before the first payment on account of retirement allowance, a benefit under Option 1 shall be paid in lieu of the benefit payable under Option Four.” On October 9, 1974, a check dated September 24, 1974, in the sum of $5,943.19 and on account of *190 the retirement allowance under Option 4, was mailed to Mr. Guzman. He died on October 10, 1974 at 3:00 a.m.
Guzman on December 26, 1972, the effective date of his retirement, ceased being a "member” and became a "beneficiary” of the retirement system (Administrative Code, §§ B3-1.0, subds 6, 8; B3-3.0). On that day, he became entitled to be,"in receipt of a pension, an annuity, a retirement allowance, a death benefit or any other benefit” provided in title B of the code (cf. Matter of Benedict v La Guardia, 252 App Div 540, 543, affd 277 NY 674).
Section B3-46.0 expressly stipulates that the selection of an option provided for therein may be made " '[u]ntil the first payment on account of any benefits is made’ ” (Matter of Jaslow v New York City Employees’ Retirement System, 9 Misv 2d 754, 756, affd 6 AD2d 1010, affd 7 NY2d 858). Thus, the statute establishes the "first payment on account of any benefits” as the cut-off time for the selection of an option, so that a member who elected to retire under a particular option when he applied for retirement is entitled to change his election after the effective date of retirement, provided he does so before the initial payment of an installment on account of any benefit (see 44 NY Jur, Pensions and Retirement Systems, § 157, p 519; see, also, Kruger v New York City Employees’ Retirement System, 8 Misc 2d 1051, 1052).
Respondents contend that the "first payment” was effected when the "first payment” check was mailed to the beneficiary and it is obvious and apparently undisputed that the mailed check did not and could not have reached him before his death during the early morning hours of the day following mailing. In determining whether payment was accomplished by mailing alone, reliance should not be placed on the general law as to whether a check imports payment but we should look rather to the statute and the few precedents under it (see Connolly v Connolly, 9 NY2d 272, 276).
As conceded in the pleadings and as demonstrated in an exhibit, decedent became a member of the System on July 3, 1940. Section 7 of article V of the State Constitution, effective January 1, 1973, provides that after July 1, 1940 "membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” The purpose of the amendment was to fix the rights of the employees at the time of commencement of membership in the system, *191 rather than as previously at retirement (Birnbaum v New York State Teachers Retirement System, 5 NY2d 1, 9; see Roddy v Valentine, 268 NY 228, 232 [1935]). Herminio Guzman’s membership in the System was "a contractual relationship” (Kleinfeldt v New York City Employees’ Retirement System, 36 NY2d 95, 99), and the statutory provisions of section B3-46.0 of the Administrative Code, encompassing certain pension rights of the beneficiary and those of his widow, his nominated beneficiary, are to be regarded as part of the contract terms (Hoar v City of Yonkers, 295 NY 274, 279; Matter of Carroll v Grumet, 281 App Div 35, 38, app dsmd 305 NY 692). Included also within the constitutional shelter are those benefits regarded as conditional (Matter of Donner v New York City Employees’ Retirement System, 33 NY2d 413, 416).
Decisions treating the mailing, delivery and receipt of payment checks of the New York City Employees’ Retirement System manifest that the posting of a check directed to a beneficiary, without more, does not constitute a first payment. In Connolly v Connolly (9 NY2d 272, supra), decedent, as a member of said System, had chosen on retirement an option under section B3-46.0 whereby he would receive during lifetime an annual retirement allowance payable in monthly installments and had designated three persons to receive any balance under the option plan at his death. Prior to death, he had received almost $2,000 in checks but had not cashed them and the question posed was whether the amount of the checks went to the designated beneficiaries or to decedent’s estate. This court held that "[e]ach time Connolly [the decedent] received a monthly pension check that amount became his and the account was decreased accordingly” (emphasis supplied) (p 277). We agreed with Appellate Term, which stated "[i]nsofar as checks were issued, title thereto passed to the decedent upon their delivery to him” (9 Misc 2d 291, 292), and with the dissenters at the Appellate Division, who wrote that "the delivery of the * * * checks to the retired member during his lifetime was, under the circumstances here disclosed, payment to him. The obligation of the Retirement System was to make payments to the retired employee during his lifetime and on his death to his designees. The retired member may not vary that obligation by refusing or postponing receipt of the checks” (8 AD2d 729).
Matter of O’Connor v New York City Employees’ Retire *192 ment System (42 AD2d 70, 72) also involved section B3-46.0. After retiring, petitioner’s wife selected Option 4 and filed a form which provided that, if she died before the first payment on account of retirement allowance, a benefit under subdivision a of Option 1 would be paid in lieu of that under Option 4. The wife died, while in Ireland, about eight days after the first check on account of her retirement allowance had been mailed to the. file-listed address designated by her. Relying heavily on Connolly, it was held: "The obvious purpose of the provision permitting a change of option until 'the first payment on account’, is to provide a definite point of time at which the obligations become fixed. Nor may the retiree be permitted to extend that time at his own will, for such would defeat the very purpose of the provision. * * * Here, the check was properly mailed to the address designated by the retiree and there is no indication that the check was not actually delivered to such address. Only the decedent’s unilateral action in moving or departing from her designated address, without informing the Retirement System, prevented the actual receipt of the check. Such action, as already noted, may not serve to vary the Retirement System’s obligations or extend the time for changing options. Hence, under these facts, the constructive receipt of the check having been established, we must conclude that 'the fírst payment on account’ was made during the decedent’s lifetime” (emphasis added).
Again, in Kennedy v New York City Employees’ Retirement System (41 NY2d 854, affd on opn at 51 AD2d 296), "first payment” statutory language was construed. Plaintiffs’ first cause of action was based on section B3-36.0 (subd 4, par [d], cl [3]) of the Administrative Code which provided that "if any retired member dies on or after the effective date of his retirement and prior to the first payment on account of his retirement allowance, and had not elected Option 1, 2 3 or 4 with respect to such retirement, he shall be deemed to have elected Option 1 with respect thereto.” It was held that said cause of action had been properly dismissed since a check of $5,722.79, received and deposited by the retiree on October 6, 1971, was intended and understood from its amount to be the first payment on account of the retiree’s retirement allowance.
Conversely, although not necessarily of determinative quality because of the differing retirement statutory provisions involved, it is interesting to note that, not inconsistent with *193 the determination here made, it has been held: that an election of benefits to which a retired member of a retirement system is entitled is not validly made unless it is communicated to the system in the lifetime of the party making the election (Marcus v New York City Employees’ Retirement System, 247 App Div 111, 113, mot for lv to app den 271 NY 664 [Greater New York Charter, § 1720]); that a written application for retirement is not sufficient in itself but must pass from the teacher to the teacher’s retirement board (Matter of Creveling v Teachers’ Retirement Bd., 255 NY 364, 368 [Greater New York Charter, § 1092, subd K, a predecessor of Administrative Code, § B20-41.0]); that an application by a teacher for service retirement is not effective until delivered and that such delivery does not result from a mere deposit in the mails (Matter of Poucher v Teachers’ Retirement Bd., 249 NY 414, 416 [Greater New York Charter, § 1092, subd K]); and that the weight of authority establishes that a document is not filed until it is "delivered to” or "received by” the appropriate official and, since the option election form was not filed prior to decedent’s death, it did not become legally effective (Matter of Robillard v Levitt, 44 AD2d 611 [Retirement and Social Security Law, § 90]).
 It has been stated that "[t]he only safe and sure way to proceed with and maintain the retirement system is to follow the law which brought it into being and which has prescribed its limitations” (Matter of Creveling v Teachers’ Retirement Bd., 255 NY 364, 373, supra). While such an approach may at times seem harsh to a faithful employee or even harmful to the system itself, it provides a measure of certainty and security and tends to protect the vast majority of those who have contributed to the retirement plan. More particularly, the concept of first payment, as embodied in section B3-46.0 of the Administrative Code and as judicially interpreted, connotes delivery, whether actual or constructive, as an essential attribute of payment — which in turn suggests bilateral activity enabling the fixation of a more definite time limitation with at least a modicum of notice, rather than the simple unilateral act of one party to the contract not yet communicated to and unbeknown by the other. In these circumstances, the mailing, hours before death, in no way constituted first payment within the meaning of the operative section of the code. Any concern for the actuarial soundness of the System should be translated into ’insistence upon more *194 expeditious settlement of retirement options and first payment thereunder.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.