Matter of Kinach v de Blasio (2018 NY Slip Op 04425)





Matter of Kinach v de Blasio


2018 NY Slip Op 04425


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


153833/16 6866 6865

[*1]In re Wasyl Kinach, et al., Petitioners-Appellants,
v
The Honorable Bill de Blasio, etc., et al., Respondents-Respondents.


Law Office of Stuart Salles, New York (Gail M. Blasie of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for respondents.



Judgment, Supreme Court, New York County (James d'Auguste, J.), entered on or about November 21, 2016, which denied the petition challenging Mayor's Personnel Order No. 2016/1, establishing certain paid parental leave and cancelling a planned pay increase and the accrual of two days of annual leave for managers with 15 or more years of experience, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 9, 2018, which denied petitioners' motion to renew, unanimously affirmed, without costs.
On January 7, 2016, the Mayor issued the Mayor Personnel Order [MPO] No. 2016/1, "Paid Parental Leave for Managerial and Original Jurisdiction Employees." The order provided that, effective December 22, 2015, managers and original jurisdiction employees would be entitled to 30 days paid parental leave (PPL), every 12-month period, for the birth of a child, adoption, or foster care. To finance this benefit, the order modified MPO Nos. 2015/1 and 2015/2, to eliminate a 0.47% wage increase scheduled to go into effect on July 1, 2017, and modified the annual leave schedule for covered titles by eliminating the accrual of the 26th and 27th annual leave days, capping the accrual of annual leave days at 25 days.
Petitioners, five managers, all over the age of forty (40), who work for respondent agencies, challenge MPO No. 2016/1, insofar as it cancelled the planned pay raise and capped annual leave accrual at 25 days, eliminating an additional two days of leave given to managers with at least 15 years of experience. Petitioners did not have a contractual right to the prospective raise or additional annual leave days (see Dodge v Board of Educ. of City of Chicago, 302 US 74, 78-80 [1937]; Cook v City of Binghamton, 48 NY2d 323, 329-331 [1979]).
Petitioners failed to state a claim of age discrimination, under the New York City Human Rights Law (Administrative Code of City of NY § 8-107) and/or the New York State Human Rights Law (Executive Law § 296[1][a]). The alleged adverse action did not occur under circumstances giving rise to an inference of discrimination (see e.g. Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; Melman v Montefiore Med. Ctr., 98 AD3d 107, 113 [1st Dept 2012]). The claim is based upon the false premise that women over 40 years of age cannot bear children, which ignores the fact that PPL benefits cover biological fathers, and any individual, regardless of age, who becomes a parent through adoption or by fostering, and is undercut by petitioners' submission of data reflecting that members of their age group received PPL benefits. MPO No. 2016/1 is facially neutral and applies equally to all covered employees, regardless of age (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 321 [2004]) and no disparate impact has been shown (see Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d 288, 296—297 [1st Dept 2005]).
No claim for a violation of the New York's equal protection clause (NY Const, art 1, § 11) has been stated as MPO No. 2016/1 treats all similarly situated employees alike (see Matter [*2]of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 492 [2009]).
The state's non-impairment clause (NY Const, art V, § 7) is not implicated as the challenged action does not involve a change directly related to retirement benefits (see Matter of Lippman v Board of Educ. of the Sewanhaka Cent. High School Dist., 66 NY2d 313, 317 [1985]; Hoar v City of Yonkers, 295 NY 274, 279 [1946]).
The cost-cutting measures chosen to pay for the PPL benefit are not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioners' belief that less extreme cost-cutting measures should have been taken does not render respondents' determination irrational (see Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 988 [3d Dept 2007]).
Finally, the court properly denied the renewal motion, as petitioners failed to offer new facts that would change the prior determination (CPLR 2221[e][2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK